[No. 3800.    Decided March 30, 1901.]

WASHINGTON DREDGING & IMPROVEMENT COMPANY, *Respondent*, v. GEORGE KINNEAR *et al., Appellants.*

LIS PENDENS — UNLAWFUL    FILING — CANCELLATION — APPEALABLE ORDER.

A *lis pendens* notice can properly be filed only when there is an action pending involving the land covered by the notice, and the filing of such notice by one of the parties to an action after it has been determined against him constitutes a cloud upon his adversary's title, which he has a right to have removed; hence an order of the court refusing to act upon his motion for its cancellation is an order affecting a substantial right and therefore appealable.

Appeal from Superior Court, King County.—Hon. JESSE P. HOUSER, Judge. Reversed.

*Ballinger, Ronald & Battle* and *Fred Rice Rowell,* for appellants.

The opinion of the court was delivered by

DUNBAR, J.—Original contest over application for tide lands. Contest decided against respondent by the board of state land commissioners on February 7, 1898. The

respondent appealed from the rejection of its application for tide lands to the superior court of King county. Appellants moved to dismiss said appeal, which motion was sustained on October 25, 1898. From the order of the court granting the dismissal the respondent appealed to this court, which said appeal was dismissed on May 18, 1899. Thereafter the respondent applied to the superior court of King county, asking that the said cause be redocketed and retried, and from the order of the court refusing said application the respondent again appealed to this court, which appeal also was dismissed by this court on the 26th day of June, 1900. Thereafter, and on April 30, 1900, for the first time, the respondent filed its *lis pendens,* which was properly recorded in the records of King county. Thereupon the appellants filed a motion asking for the cancellation of said *lis pendens* in the manner provided by law. The notice of the motion was served upon the respondent, and upon the hearing of the same the motion was denied. It clearly appears from the statement above set forth that no action was pending in the superior court of King county, or in any court whatever, between the parties to this action, at the time the *lis pendens* was filed. A *lis pendens* is for the purpose of giving notice of the jurisdiction or control which the court acquires over property involved in a suit pending the continuance of the action. The matters in dispute having been finally determined, not only once, but twice, the filing of the *lis pendens* was without authority of law, and the only question that can be involved in this case is whether or not the order of the court in refusing to grant the appellants' application is an appealable order.

The latter part of § 4887, Bal. Code,—a section in relation to *lis pendens,*—provides:

"And the court in which the said action was commenced

may, in its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part, by the county auditor of any county in whose office the same may have been filed or recorded, and such cancellation shall be made by an indorsement to that effect on the margin of the record."

The *lis pendens* is evidently viewed by the law as a cloud on the title to land which it describes. The appellants have an undoubted right to have that cloud removed. The order of the court refusing to remove it is an order affecting their substantial rights, and is therefore appealable.

The judgment will be reversed, and the cause remanded, with instructions to order the *lis pendens* canceled in the manner prescribed by § 4887, *supra*.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.