[No. 6065. Decided August 28, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. WASHINGTON DREDGING AND IMPROVEMENT COMPANY, *Appellant.*[1]

JUDGMENT—VACATION—JURISDICTION—MODE OF PROCEDURE—CANCELLATION OF TIDE LAND CONTRACT. Upon a motion to vacate a judgment cancelling a state contract to purchase tide lands, entered in a proceeding instituted by application to the commissioner of public lands, in which all the parties are before the court, the court has jurisdiction although the application to vacate was by motion and not by petition as required in ordinary actions, by Bal. Code, § 5153; especially where the adverse party was served with notice, making only a special appearance and taking no appeal from the judgment of vacation; and especially where the judgment was the third and last disposition of the case.

1Reported in 86 Pac. 936.

· JUDGMENTS—VACATION—COLLATERAL ATTACK.  That a judgment affected lands not in controversy between the parties, is not ground for a collateral attack upon the vacation of the judgment.

SAME—JURISDICTION—VACATION.  If a court is without jurisdiction to enter a judgment which it subsequently vacated, it is immaterial whether it acted without jurisdiction in vacating it.

STATES — CANCELLATION OF INSTRUMENTS — ACTIONS— CONDITIONS PRECEDENT—TENDER OF MONEY PAID.  The state may commence an action to cancel a contract for the sale of tide lands without first tendering repayment of an installment paid by the purchaser on the contract, since the state officers had no authority to draw a warrant therefor, and could only consent that the defendant take judgment against the state for the amount paid.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 30, 1904, in favor of the plaintiff, after a trial on the merits before the court without a jury, cancelling a contract for the purchase of tide lands.  Affirmed.

*Vance & Mitchell* and *W. F. Hays,* for appellant.

*The Attorney General* and *W. B. Stratton,* for respondent.

DUNBAR, J.—In chronological order the events out of which this lawsuit grew were about as follows:  On May 13, 1895, the appellant company made application No. 1747 in the office of the commissioner of public lands of the state of Washington to purchase certain tide lands belonging to the state, claiming to be the upland owner entitled to the preference right of purchase.  Embraced in this application, which included a large amount of land, was block 228 of Seattle tide lands, which is the subject of the present controversy. On April 25, 1895, George Kinnear and D. C. and W. R. Brawley made application to purchase tide lands, many of which were included in the application No. 1747 made by the appellant, but which did not include block 228.  Said George Kinnear and W. R. Brawley also made application for other lands, not including block 228, on May 13, 1895. John Stempke and A. C. Shaw also made application on

May 13, 1895, which applications did not include block 228. But all these applications conflicted with the appellant's application with reference to other portions of the land.

On February 7, 1898, the board of state land commissioners rejected all of the aforesaid applications, of which the defendant was advised in due course. From this order defendant attempted to appeal to the superior court of King county. This appeal of defendant was served upon George Kinnear, D. C. and W. R. Brawley, John Stempke, A. C. Shaw, the board of land commissioners and the attorney general of the state, and was docketed in the King county superior court as cause 25,299. Thereafter Kinnear, Brawley and others of the applicants filed a motion in said cause to dismiss the appellant company's appeal for various reasons, which motion was, on the 20th day of August, 1898, allowed by the superior court of King county. From this order of dismissal made by the board of land commissioners February 7, 1898, no appeal was taken by any of the parties to the proceeding before the board of commissioners, except the appellant. Subsequently a motion was made in the superior court of King county to redocket the said cause No. 25,299, to which motion the said parties mentioned above, Kinnear and others, objected, and the motion to redocket was disallowed. From this motion to redocket an appeal was taken to the supreme court, which was dismissed on June 26, 1900. On April 30, 1900, defendant filed a *lis pendens* in King county, asserting its right to purchase certain tide lands, including block 228 in controversy, and the parties above named, moving for the original dismissal, appeared and moved to cancel the *lis pendens,* which motion was denied on July 12, 1900. From the order denying the said motion, an appeal was taken, and judgment was reversed, and the said superior court entered an order cancelling the *lis pendens.*

On January 28, 1902, the appellant served on C. C. Dalton, assistant attorney general of the state of Washington, a

motion to reinstate cause 25,299, but none of the other parties to the prior transactions were served with notice. Upon that trial the court adjudged and decreed the defendant to be the owner of a preference right to purchase, among other tide lands, block No. 228. On March 26, 1902, the commissioner of public lands of the state of Washington, upon the exhibition to him of a certified copy of the decree, issued a contract to the appellant for the purchase of said block 228, at the purchase price of $676, payable one-tenth each year thereafter, and at the time of the issuance of said contract $67.60 was paid to the state by the appellant. On April 2, 1902, motion was made in said cause 25,299 to vacate and avoid the decree of March 24. At the time of this motion appellant specially appeared, objecting to the jurisdiction, and thereafter sat silent. On the 10th day of April, 1902, the superior court of King county entered what purported to be a judgment vacating and annulling the judgment of March 24, 1902. From this judgment an appeal was attempted to be taken by the defendant, appellant in this case, which appeal was dismissed by this court on October 24, 1903. On the 10th day of April, 1904, the attorney general instituted the present proceeding to cancel the contract issued pursuant to the judgment of March 26, 1902, and upon the trial of that cause, a decree was entered in said court, cancelling the contract and giving the defendant judgment for $67.60 in the premises. From such judgment this appeal is taken.

Most excellent briefs have been filed in this case, evincing much painstaking labor and investigation. But there are one or two questions which it seems to us are decisive of the case. The first question that challenges our attention is the sixth assignment of error, which embraces the contention that the judgment of the court is without effect for the reason that the court acted without jurisdiction, in that the application to vacate was made by motion and not by petition, as required by Bal. Code, § 5153 (P. C. § 1033) ; and many cases are

cited from this court to sustain this contention. After an examination of those cases, however, we conclude that they do not reach the question under consideration; for, conceding for the purposes of the discussion that the application to vacate should have been by petition instead of motion, we do not think that the judgment which the court rendered was a void judgment in the sense of a judgment rendered entirely without jurisdiction, either of the subject-matter or of the person. This is not like an action or lawsuit which is being commenced in the first instance, and where the court is entirely without jurisdiction except as it obtains it from the action of the litigants acting under authority of law, but in this case the parties were already before the court, the subject-matter of the controversy was in the custody of the court, and the parties to the action are in a measure presumed to have knowledge of the standing of the case. That the statute itself makes a distinction is evident from § 5157, which provides that the facts stated in the petition shall be deemed denied without answer, and that the defendant shall introduce no new cause, and that the cause of the petition was alone to be tried.

Again, the appellant appeared in answer to this motion, which was duly served upon it, and while it is true the appearance was what is termed a "special" appearance, denying the right of the court to try the cause, yet under such circumstances, if the court proceeded to judgment upon a wrong theory of which particular statute it should proceed under, it was an error of the court which could and should be reviewed on appeal. It is not the best policy to allow parties against whom a judgment is entered under such circumstances as surrounded the entry of this judgment, to treat the judgment with that silent contempt with which they would be justified in treating an absolutely void judgment of which in legal presumption they had no knowledge; and there having been no successful appeal taken from this judgment, it cannot be at-

tacked in the collateral manner in which it is now sought by the appellant to be attacked. This same idea was announced by this court in *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858, although its application was made to a different kind of a case. But it was there said:

"It is true that a motion to vacate and set aside a judgment for the reason that it is void is not a ground of attack for which direct authority can be found in the Code. It is, however, a ground of attack recognized by the well established practice and is also a direct attack on the judgment. It is a proceeding in the cause not required to be brought by the service of original process, and falls within the rule permitting service to be made on the attorney of record. . . . Having been made after due notice to the parties, it is not void for want of jurisdiction, and is binding on the appellant, even though it may have been erroneous."

This cause is also in point on the contention of the appellant that the judgment which was entered should not have been disturbed so far as block 228 is concerned, for the reason that there was no contest over this particular block with the other applicants, the court in the case just cited saying:

"Lastly, it is urged that the interest of the respondent affected only a part of the real property included within the mortgage, and the court should have permitted a sale of that part in which the respondent had no interest. It is too late for the appellant to urge this objection. By the order of the court the entire judgment was vacated. If this was an irregularity at all, it was one which was presented for the consideration of the court at the time of making the order. It must therefore be corrected by some appellate or correctory proceeding, and cannot form a basis for a successful collateral attack."

Again, the history of this case is to a certain extent reviewed and the case decided in *Washington Dredging etc. Co. v. Kinnear,* 24 Wash. 405, 64 Pac. 522, as will be seen by the following opinion:

"Original contest over application for tide lands. Contest decided against respondent by the board of state land commissioners on February 7, 1898. The respondent appealed from the rejection of its application for tide lands to the superior court of King county. Appellants moved to dismiss said appeal, which motion was sustained on October 25, 1898. From the order of the court granting the dismissal the respondent appealed to this court, which said appeal was dismissed on May 18, 1899. Thereafter the respondent applied to the superior court of King county, asking that the said cause be redocketed and retried, and from the order of the court refusing said application the respondent again appealed to this court, which appeal also was dismissed by this court on the 26th day of June, 1900. Thereafter, and on April 30, 1900, for the first time, the respondent filed its *lis pendens,* which was properly recorded in the records of King county. Thereupon the appellants filed a motion asking for the cancellation of said *lis pendens* in the manner provided by law. The notice of the motion was served upon the respondent, and upon the hearing of the same the motion was denied. It clearly appears from the statement above set forth that no action was pending in the superior court of King county, or in any court whatever, between the parties to this action, at the time the *lis pendens* was filed. A *lis pendens* is for the purpose of giving notice of the jurisdiction or control which the court acquires over property involved in a suit pending the continuance of the action. The matters in dispute having been finally determined, not only once, but twice, the filing of the *lis pendens* was without authority of law, and the only question that can be involved in this case is whether or not the order of the court in refusing to grant the appellants' application is an appealable order."

It was found that the order was an appealable order, and the judgment was reversed and the cause remanded with instructions to order the *lis pendens* cancelled.

The judgment just cited was the third disposition of this cause, and it seems to us that it finally and clearly disposed of the case, and relegated it to the realms of "finished business." The theory upon which the *lis pendens* was ordered cancelled was that there was no action pending, it having been

determined by the superior court and there having been·no appeal taken therefrom, although attempts to appeal had been made. If the view of this court in the case just quoted from be true, and that is the law of the case, then the court was without jurisdiction to enter the judgment which was afterwards vacated. And if it was without jurisdiction to enter· that judgment, it is of no consequence whether or not it acted without jurisdiction in revoking the judgment. The state, upon the announcement of the law by this court and the determination that cause No. 25,299 had been finally determined and that there was no action pending, could have immediately commenced its action to cancel the contract which had been made under a void judgment. The appellant cannot be allowed to claim jurisdiction for the court to aid its cause, and deny the jurisdiction of the court to the detriment of the respondent.

It is earnestly contended by the appellant that, before the state could prosecute its case to judgment, it should have placed appellant in the same position that it was in before the commencement of the action after the contract was entered into, by restoring to it the $67.60 which it paid. It seems to us to be sensibly contended by the respondent that the state was powerless to observe this undoubted principle of law and make the application of it in the usual manner, for the reason that the officers of the state had no right or power to draw money from the state except in response to an appropriation for that purpose, and the best that could be done, which is all that is ever required in law or ethics, was to consent that appellant should take judgment against the state for the amount which it had paid to the state. To hold otherwise would be to hold that a party dealing with the state, and dealing wrongfully and illegally, as it was finally determined that the appellant did in this case, would bind the state to such· an illegal and wrongful agreement by reason of its inability to pay in advance of the institution of the remedy which it was

seeking, the amount which the party, through his own wrong, had paid to the state. We do not think that the court abused its discretion in refusing to continue the case.

Other questions are discussed at length by the attorneys for the appellant, but we think the questions that we have discussed determine the cause. The judgment is affirmed.

MOUNT, C. J., CROW, ROOT, and FULLERTON, JJ., concur.