[No. 7358. Decided May 28, 1909.]

WASHINGTON DREDGING & IMPROVEMENT COMPANY, Appellant, v. THE STATE OF WASHINGTON et al., Respondents.[1]

JUDGMENTS—VACATION—EQUITY—LACHES—DELAY IN SUIT AFFECTING TITLES. A suit in equity to set aside judgments affecting the title to numerous lots will be dismissed for want of equity, where there was gross and unexplained laches in failing to commence the action for many years after entry of the judgments.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered November 30, 1907, upon sustaining demurrers to the complaint, dismissing an action to vacate a judgment, after a trial on the merits before the court. Affirmed.

[1]Reported in 101 Pac. 884.

*Shepard & Flett, Thomas M. Vance,* and *Will H. Thompson,* for appellant.

*G. E. de Steiguer, Ballinger, Ronald, Battle & Tennant, Higgins, Hall & Halverstadt, Farrell, Kane & Stratton, William A. Greene, Hughes, McMicken, Dovell & Ramsey, William L. Waters, Lewis & Legg, H. A. P. Myers, Fred H. Peterson, H. C. Force, Shank & Smith, L. C. Gilman, Bogle & Spooner, Guie & Guie, Bausman & Kelleher, Humphries & Cole, B. S. Grosscup, A. G. Avery, Walter S. Fulton, S. D. Wingate, Scott Calhoun, John D. Atkinson, C. A. Kinnear, John P. Hartman, Tom Alderson, D. C. Conover, T. H. Shelley, Reed & Hardman, Graves, Palmer & Murphy, Larrabee & Wright, Metcalf & Jurey, Peters & Powell, Walter B. Beals, Ira Bronson, D. B. Trefethen, F. J. Carver, Sachs & Hale, Kerr & McCord,* and *Morris, Southard & Shipley,* for respondents.

Crow, J.—This is an action in equity commenced in the superior court of Thurston county, against the state of Washington, E. V. Bussell, and one hundred and thirty-eight others, to vacate and set aside certain judgments, orders, and decrees, and obtain other equitable relief. The second amended complaint, to which the several defendants demurred on all statutory grounds, was filed on November 15, 1907. On the hearing of the demurrers it was stipulated that certain records, now included in the transcript, should be considered with the second amended complaint and as a part thereof. The demurrers were sustained and, upon plaintiff's refusal to further plead, the action was dismissed. Plaintiff has appealed.

This litigation pertains to numerous tide land lots in the city of Seattle, and to appellant's alleged claim of a preference right to purchase the same. It arises out of, and relates to, applications, controversies, and disputes heretofore considered by this court. See: *State ex rel. Washington Dredg. & Imp. Co. v. Moore,* 21 Wash. 629, 59 Pac. 505;

*Washington Dredg. & Imp. Co. v. Kinnear*, 24 Wash. 405, 64 Pac. 522; *State v. Washington Dredg. & Imp. Co.*, 43 Wash. 508, 86 Pac. 936; *State ex rel. Washington Dredg. & Imp. Co. v. Ross*, 44 Wash. 698, 87 Pac. 1151.

Appellant primarily bases its present claim to relief upon its written application No. 1747, for the purchase of certain tide lands, which it filed in the office of the commissioner of public lands on May 13, 1895. A statement of subsequent proceedings had on this application, of appeals taken by appellant, of their dismissals by the superior court of King county, of the dismissals of subsequent appeals by this court, and of the litigation generally, may be found in our opinion in *State v. Washington Dredg. & Imp. Co., supra.* All of the relief appellant now asks is based primarily upon its attempt to have all of the previous judgments, decrees, and orders entered against it set aside and vacated in this action, so that its original application No. 1747 may be held to be still pending, that the same may be heard and considered, and that appellant may be decreed to have the preference right to purchase tide lands therein mentioned. Other relief asked need not be stated, as none of it could be granted in this action, unless such judgment, decrees, and orders be first vacated as a condition precedent to further proceedings therein.

Appellant in its brief concedes that, if this action is a collateral attack upon the judgments, decrees, and orders mentioned, they must then be regarded as valid, unless void upon their face, or entered without jurisdiction. They all appear to be regular on their face, notwithstanding appellant's contention to the contrary, and we do not find allegations in the second amended complaint sufficient to show that they were entered without jurisdiction. Appellant, however, contends that this being a proceeding in equity to vacate and set aside the orders and judgments mentioned for want of service of process upon appellant, for want of jurisdiction thereof, and for fraud practiced by the respondents in obtaining numerous

judgments in their favor, the attack is not collateral, but direct.

The respondents, conceding that an action in equity to set aside and vacate a judgment, when prosecuted in the proper forum, is a direct attack, contend that this action cannot be regarded as a direct attack, for the reason that it was not commenced in the superior court of King county where the judgments and orders were originally entered. They insist that, if the judgments can be set aside, it can only be done upon petition filed in the superior court of King county within one year after their rendition. We do not think it necessary to enter upon a consideration of the jurisdiction of the superior court of Thurston county to vacate or set aside judgments rendered by the superior court of King county. The record shows that all of the judgments, decrees, and orders of which the appellant complains were entered many years prior to the commencement of this action. There has been such gross and unexplained laches on the part of the appellant in commencing this action as to forbid its consideration by a court of equity. For that reason alone the demurrers were properly sustained.

We are not inclined to enter upon a detailed discussion of the second amended complaint. It fails to state a cause of action. This litigation has been before this court repeatedly, and in every conceivable phase. In every instance judgments have been entered against appellant's contention. In *State v. Washington Dredg. & Imp. Co., supra,* we quoted at length from our previous opinion in *Washington Dredg. & Imp. Co. v. Kinnear, supra,* and then said:

"The judgment just cited was the third disposition of this cause, and it seems to us that it finally and clearly disposed of the case, and relegated it to the realms of 'finished business.' "

Appellant has nevertheless instituted and prosecuted this later action, which seems to have been commenced, and supplemented by another *lis pendens* notice filed in the office of

the auditor of King county, with the sole design of clouding the titles to a vast number of tide land lots, in and to which the one hundred and thirty-nine respondents have severally acquired leasehold and other estates. Such litigation should not be encouraged by the courts. The judgment is affirmed.

ALL CONCUR.