[No. 33392. Department One. March 1, 1956.]

M. A. CAUBLE, *Respondent*, v. ROGER DAHL et al., *Appellants*.[1]

*Arthur E. Piehler* and *Robert J. Allerdice*, for appellants.

*Sweet, Wolf & Merrick*, for respondent.

FINLEY, J.—This is an action to recover for personal injuries and property damages resulting from a collision between plaintiff's pickup truck and defendants' passenger automobile. The collision occurred at the uncontrolled

[1]Reported in 294 P. (2d) 416.

right-angle intersection of College place and Forty-fifth avenue southwest, two streets in the city of Seattle, each of which is twenty-five feet wide. The plaintiff is the so-called disfavored driver. The defendant Roger Dahl is the so-called favored driver. At the close of the evidence, the trial court denied defendants' motion for a directed verdict. Thereafter, the jury returned a verdict for the plaintiff in the sum of twenty-five hundred dollars, and judgment was entered accordingly. The defendants' motions for a new trial and for judgment notwithstanding the verdict were denied by the trial court. This appeal followed.

The appellants assign error to the denial of their motions for a directed verdict and for a new trial. Error is also assigned to the failure of the trial court to give two instructions requested by appellants.

The collision occurred at approximately 7:20 a. m. Respondent was driving his truck in a westerly direction on College place. Appellant Roger Dahl was driving his passenger car in a southerly direction on Forty-fifth avenue southwest. There was no building or other obstruction to visibility on the northeast corner of the intersection.

Respondent Cauble testified that his speed was about ten miles per hour; that, as he approached the intersection, he looked to his right (about sixty feet from the point of impact) at a point thirty to forty feet from the east edge of Forty-fifth avenue southwest; that "there was nobody in sight;" that he could see to the north for a distance of about two hundred fifty feet; that he then looked to his left, as he entered the northbound lane of travel on Forty-fifth avenue southwest. Appellant Roger Dahl testified that his speed was about twenty-five miles per hour. There was other testimony indicating that Dahl's speed was considerably greater. There was testimony that the streets were slippery and that snow was falling at the time of the collision. The testimony was conflicting as to the degree and the extent to which visibility was impaired or obstructed by the snowfall. There was testimony as to the damage to the two cars resulting from the impact, and testimony as to the location of the two cars immediately after the collision.

■ Because of the conflicting testimony relative to the question of visibility and the conflicting testimony relative to appellant Dahl's speed, we cannot say as a matter of law that respondent Cauble failed to make allowance for a sufficient margin of safety in entering and proceeding across the intersection. In other words, under the facts, the question of contributory negligence on the part of the respondent was a proper one for the jury. Also, since the testimony as to appellant Roger Dahl's speed was conflicting, this presented a question for the jury as to whether he was negligent. The trial court did not err in submitting the case to the jury.

■ The appellants requested an instruction that the respondent was bound to see that which could be seen—in other words, appellants' approaching automobile. Appellants excepted to the trial court's refusal of the requested instruction, but the reasons given in support of the exception do not meet the requirements of Rule of Pleading, Practice and Procedure 10, 34A Wn. (2d) 75, and the exception will not be considered on appeal. *Glick v. Ropes,* 18 Wn. (2d) 260, 138 P. (2d) 858; *Blackburn v. Groce,* 46 Wn. (2d) 529, 283 P. (2d) 115.

While this disposes of the error assigned to the particular instruction, it may be noted that the instruction, in any event, was improper because it assumed that the oncoming vehicle was plainly visible. There was evidence, however, to support a finding by the jury that, when respondent entered the intersection, appellants' automobile was beyond the range of visibility. See *Vercruysse v. Cascade Laundry Co.,* 193 Wash. 184, 74 P. (2d) 920.

■■ The other instruction which was refused by the trial court is based upon the decision in *White v. Fenner,* 16 Wn. (2d) 226, 133 P. (2d) 270. It would have instructed the jury that the disfavored driver was under a duty to accord to the favored driver the entire one half of the roadway along which the favored driver had the right of way. In the *White* case, there was no question of visibility. However, appellants' requested instruction assumes that the respond-

ent could or should have seen appellants' automobile. Failure to give the requested instruction did not constitute error on the part of the trial court. Respondent had the duty to look from a point at which he had a reasonable margin of safety to cross the highway, and this phase of the case was adequately covered by the trial court's instructions No. 13 and No. 14, which read as follows:

"*No. 13*—I further instruct you that:

"(1) All rights of way are relative, and the duty to avoid collisions at street intersections rests upon both drivers;

"(2) The primary duty of avoiding such collisions rests upon the driver on the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times;

"(3) If two cars collide within the intersection, then they were simultaneousuly approaching a given point within the intersection, within the meaning of the statute."

"*No. 14*—It is the duty of one operating an automobile or vehicle upon the public streets and highways to keep such a lookout as is reasonably adequate in view of all the surrounding facts and circumstances, and whatever dangers are reasonably to be apprehended."

Since we find no merit in the assignments of error, the judgment of the trial court must be affirmed. It is so ordered.

HAMLEY, C. J., SCHWELLENBACH, and OTT, JJ., concur.

DONWORTH, J., concurs in the result.

———————

April 12, 1956. Petition for rehearing denied.