[No. 3139-1. Division One. March 24, 1975.]

DEANNA HARVEY, *Respondent*, v. JEANNETTE LEE UNGER, *Appellant.*

*Donald R. Douglas,* for appellant.

*Piehler, Allerdice & Boyack* and *Arthur E. Piehler,* for respondent.

JAMES, J.—Plaintiff, Deanna Harvey, brought this action

against defendant, Jeannette Lee Unger, for damages to compensate her for personal injuries sustained in an automobile collision. The trial was limited to the issue of damages and the jury awarded her a verdict of $63,109, but a supersedeas bond has stayed collection of the judgment.

Unger's appeal challenges only the granting of Harvey's motion for summary judgment on the issue of liability. That motion was granted by The Honorable Cornelius C. Chavelle.

Harvey asserts the record demonstrates "that the appeal was taken for delay only." She asks that we award damages pursuant to CAROA 62.[1]

Harvey acknowledges that the facts established by affidavits and depositions were accurately summarized by Unger in her brief on appeal. Unger's statement of facts is as follows:

On April 22nd, 1971, defendant was driving her vehicle in an easterly direction in the inside lane of North 85th in Seattle, Washington. When she arrived at the uncontrolled intersection of Linden Avenue and North 85th Street, she stopped in preparation to make a lefthand [sic] turn. While waiting, another vehicle, which had been travelling [sic] in a westerly direction in the inside lane of North 85th Street, also came to a stop at Linden Avenue in preperation [sic] to make a left-hand turn. These two cars were then stopped and practically facing each other, the defendant waiting to turn north and the other car waiting to turn south. There was heavy traffic, both eastbound and westbound on 85th Street. Both, eastbound and westbound traffic proceeded on past these two stopped vehicles in the outside lanes. Also vehicles travelling [sic] eastbound and westbound in the inside lanes turned out around both vehicles and went on by.
When all traffic had cleared and while the westbound

---

[1]   "**DAMAGES MAY BE AWARDED, WHEN**
Upon the affirmance of any judgment or order for the payment of money, the collection of which, in whole or in part, has been stayed by a supersedeas bond, as in these rules provided, the court may award to the respondent damages upon the amount superseded; and, if satisfied by the record that the appeal was taken for delay only, the court may award such damages as will effectually tend to prevent the taking of appeals for delay only." CAROA 62.

vehicle was still waiting to make its left turn to go south, the defendant looked in the direction of the oncoming traffic and when she thought all westbound traffic had cleared, proceeded into her left turn on to Linden Avenue. When the front of the defendant's vehicle had crossed the north curb line of North 85th, it was struck on the right side by plaintiff's vehicle, which was traveling in a westerly direction in the outside lane of North 85th.

The plaintiff had crossed Aurora Avenue in a westerly direction and was proceeding up the hill on 85th, in what she described as medium to heavy traffic. Her speed was between 20 to 25 miles per hour. Prior to reaching the intersection at Linden Avenue, plaintiff saw a vehicle, that had stopped in the inside westbound lane, waiting to make a left turn. This stopped vehicle remained in the left turn lane until after the accident. Plaintiff first became aware of defendants [sic] vehicle, when she was between 8 and 10 feet from it. At this point in time, defendant's vehicle was crossing her path, traveling at between 3 to 5 miles per hour. When plaintiff discovered the presence of defendant's car, she immediately slammed on the brakes and veered a little to the right. She was unable to turn to the left and go around behind defendant's vehicle, due to the presence of the previously mentioned standing left turning vehicle in the inside lane. The front of defendant's vehicle was a foot or two across the north curb line of North 85th, when the impact occurred.

Harvey further points out that Unger does not deny accepting responsibility and apologizing immediately after the collision.

Unger first argues that under the facts, the question of her negligence should not have been determined as a matter of law. Her argument proceeds from a recognition that she was the disfavored driver, and as such, required to yield the right-of-way. She concedes that she was not deceived by Harvey's manner of driving but contends that whether she "had done everything that a reasonably prudent person could do to yield right-of-way" should have been submitted to the jury.

Unger cites the following Washington cases in support of

her argument: *Cauble v. Dahl*, 48 Wn.2d 440, 294 P.2d 416 (1956); *Bennett v. Karnowsky*, 24 Wn.2d 487, 166 P.2d 192 (1946); *Fetterman v. Levitch*, 7 Wn.2d 431, 109 P.2d 1064 (1941); *Pyle v. Wilbert*, 2 Wn.2d 429, 98 P.2d 664 (1940); and *Gibson v. Spokane United Rys.*, 197 Wash. 58, 84 P.2d 349 (1938). All of these cases are factually distinguishable. In each of them, the disfavored driver had an unobstructed view of the road on which the favored driver approached point of impact. Whether the disfavored driver acted reasonably in assessing his margin of safety was, therefore, a question of fact. But in this case, Unger admitted that she made no observation of the roadway on which Harvey approached. She said:

> When I reached the outside westbound lane of North 85th, I for the first time noticed a vehicle traveling west in the outside lane which struck the right side of my vehicle. This vehicle had been blocked from my view by the vehicle standing in the westbound inside lane waiting to make a left turn . . .

The undisputed facts permit no other conclusion than that the sole proximate cause of the collision was Unger's left turn across the westbound lanes of North 85th Street without having first observed whether she could proceed with a fair margin of safety.

> In the performance of the duty resting upon him, it is obviously essential that the disfavored driver look to his right from a point *at which he can see and reasonably decide* whether he can proceed across the intersection with a fair margin of safety.

*Fetterman v. Levitch, supra* at 437. The trial judge correctly determined liability as a matter of law.

Unger further contends that a summary judgment on the issue of liability was improper because the issue of Harvey's contributory negligence should have been submitted to the jury. In her answer to Harvey's complaint, Unger did not comply with the requirement of CR 8 that the defense of contributory negligence must be pleaded. Unger contends, however, that her "answer should be deemed

amended to conform to the proof of the case." The "proof" consists of the affidavits and depositions of each of the parties. In her brief, Unger fails to point out any facts that would support a finding of contributory negligence on the part of Harvey.

After careful review of the record brought to us, we are satisfied that the appeal was taken only for delay. Accordingly, we award respondent Harvey, in addition to costs, the sum of $1,000 damages, for the purpose of discouraging "the taking of appeals for delay only." CAROA 62.

Affirmed.

FARRIS and SWANSON, JJ., concur.