[No. 7569–1–I.   Division One.   June 16, 1980.]

SIDNEY SHUTT, *Appellant,* v. MAX F. MOORE,
ET AL, *Respondents.*

*Sidney Shutt,* pro se.

*Slade Gorton, Attorney General,* and *Michael Madden, Assistant,* for respondents.

ANDERSEN, J.—

FACTS OF CASE

The trial court dismissed the plaintiff's complaint for damages against several state revenue officers and public officials because it failed to state a claim upon which relief could be granted under CR 12(b)(6). He appeals.

The plaintiff's amended complaint, attachments and admissions in his pleadings establish as follows: Mr. Shutt refused to file business and occupation tax returns for his hairstyling business as required by RCW 82.04.290; he also refused to pay the $368.65 tax assessed against him pursuant to RCW 82.32.100. When the State Department of Revenue, through its employees and officials, undertook statutory enforcement procedures to collect the tax, the

plaintiff brought a damage action against them under 42 U.S.C. §§ 1983, 1985 and 1986 (1976).[1]

The plaintiff initially sued each of the six state revenue officers who handled his case for $75 million for what he claims are violations of his constitutional rights.[2] Subsequently, Mr. Shutt amended his complaint to add as defendants the Governor, the director and deputy director of revenue and the assistant director of the excise tax division. When the Attorney General entered the case on behalf of the defendants, as required by RCW 4.92.070, Mr. Shutt named the Attorney General and assistant attorney general handling the case as defendants as well.

The plaintiff's complaint invoked 15 sections of the state constitution, 9 sections of the United States Constitution and section 4 of the Washington Enabling Act. Among his allegations are that the defendants conspired to deprive him of his rights by sending him a letter indicating that a tax warrant would be issued against him if he didn't pay the $368.65 assessed. He claims that the defendants have no proof that he owes the tax because no trial was held and that he was arbitrarily assessed the $368.65. He also filed what he terms "common law liens" against the real property of many of the defendants.

Following a hearing in the trial court, the judge dismissed Mr. Shutt's action and quashed the liens. At the conclusion of that hearing, Mr. Shutt served the presiding judge with papers which purported to add him as a defendant and to place a common–law lien on his property.

---

[1] 42 U.S.C. § 1983 provides a civil action for deprivation of rights by any person acting under color of state law; 42 U.S.C. § 1985(3) provides a remedy against persons who conspire to interfere with the civil rights of another; 42 U.S.C. § 1986 provides a remedy against persons who neglect to prevent a conspiracy under § 1985.

[2] Also named as a defendant is the Aetna Casualty and Surety Company. It appears that it is included as a defendant only as a company bonding one or more of the other defendants. In any event, no argument is advanced by the appellant that its dismissal as a defendant was inappropriate if the dismissal of the other defendants is affirmed.

One ultimate issue is presented.

## ISSUE

Did the trial court err in dismissing the plaintiff's claim that state employees and officials violated his constitutional rights by attempting to collect state business and occupation taxes from him?

## DECISION

CONCLUSION. The order dismissing the plaintiff's suit for failure to state a claim and quashing his purported liens was proper.

■■ Dismissal of a complaint for failure to state a claim under CR 12(b)(6) is appropriate only if it can be said that there is no conceivable set of facts the plaintiff could prove which would entitle him to relief under his claim. *Edgar v. State,* 92 Wn.2d 217, 218, 595 P.2d 534 (1979); *Berge v. Gorton,* 88 Wn.2d 756, 759, 567 P.2d 187 (1977). The plaintiff's alleged claim is based on federal civil rights law, 42 U.S.C. §§ 1983, 1985 and 1986 (1976). These statutes provide a remedy for individuals deprived of federally guaranteed rights by state officials. To state a claim under these statutes, the plaintiff must allege facts establishing that specific constitutional rights have been violated. General conclusory allegations of the sort used here are insufficient. *Finley v. Rittenhouse,* 416 F.2d 1186, 1187 (9th Cir. 1969); *Williams v. Gorton,* 529 F.2d 668, 671 (9th Cir. 1976).

The plaintiff's allegations of constitutional violations under amendments Nos. 4, 6, 7, 8, 9 and 13 of the United States Constitution are neither specific nor supported by facts and were properly dismissed.[3] Rights guaranteed solely by the state constitution and state law also are not actionable under 42 U.S.C. §§ 1983, 1985 or 1986 and dismissal was proper. *Sigler v. Lowrie,* 404 F.2d 659, 662 (8th

---

[3]Although the plaintiff's brief argues his right to be free of unreasonable searches and seizures, his complaint does not allege that any search or seizure occurred. Therefore, no claim was stated under the Fourth Amendment.

Cir. 1968), *cert. denied,* 395 U.S. 940, 23 L. Ed. 2d 456, 89 S. Ct. 2010 (1969); *Stiltner v. Rhay,* 322 F.2d 314, 315 (9th Cir. 1963), *cert. denied,* 376 U.S. 920, 11 L. Ed. 2d 615, 84 S. Ct. 678 (1964).

To state a valid claim under 42 U.S.C. §§ 1985 and 1986, one must allege class–based invidious discrimination, racial or otherwise. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 29 L. Ed. 2d 338, 91 S. Ct. 1790 (1971); *Briley v. California,* 564 F.2d 849, 858 (9th Cir. 1977). The plaintiff's complaint does not support such allegations.

■■ The plaintiff's final allegation based on 42 U.S.C. § 1983 is that he was deprived of due process by the statutory tax collection procedures used by the state employees and officials. He generally objects to the concept of tax assessment without prior judicial determination of his tax liability but he does not allege anything to indicate that the collection methods used against him were in any way unauthorized by law, irregular or that they subjected him to unusual treatment in any way. State officials have a broad immunity from suit under 42 U.S.C. § 1983 unless they specifically knew or should have known that their official actions would violate constitutional rights. *Procunier v. Navarette,* 434 U.S. 555, 562, 55 L. Ed. 2d 24, 98 S. Ct. 855 (1978).

The constitutionality of the tax statutes enforced by the state officials has been upheld repeatedly by Washington courts. *See, e.g., State ex rel. Stiner v. Yelle,* 174 Wash. 402, 25 P.2d 91 (1933); *State ex rel. Mulhausen v. Superior Court,* 22 Wn.2d 811, 817, 157 P.2d 938, 160 A.L.R. 692 (1945); *Peters v. Sjoholm,* 25 Wn. App. 39, 44, 604 P.2d 527 (1979). Moreover, the United States Supreme Court has long held that summary tax collection procedures similar to those at issue do not violate due process. *Phillips v. Commissioner,* 283 U.S. 589, 595, 75 L. Ed. 1289, 51 S. Ct. 608 (1931). *See also G.M. Leasing Corp. v. United States,* 429 U.S. 338, 350, 50 L. Ed. 2d 530, 97 S. Ct. 619 (1977). Therefore, state officials acting pursuant to the tax collection statutes had no reason to doubt the constitutionality of

those statutes and there is nothing shown herein to establish their personal liability for damages. State revenue agents also are not personally liable for good faith enforcement of state statutes and regulations presumed to be constitutional. *See Milton v. Nelson,* 527 F.2d 1158, 1159 (9th Cir. 1976). *See also G.M. Leasing Corp. v. United States,* 560 F.2d 1011, 1015 (10th Cir. 1977), *cert. denied,* 435 U.S. 923, 55 L. Ed. 2d 516, 98 S. Ct. 1485 (1978).

The judge who entered the order against the plaintiff was performing his judicial duties and has absolute immunity from suit. *Stump v. Sparkman,* 435 U.S. 349, 363, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978). The plaintiff's attempt to join him as a party defendant is invalid. The Attorney General and assistant attorney general are accused of doing no more than representing their clients in this lawsuit and no basis for an action against them appears.

The plaintiff's allegations do not support a claim that the defendants acted maliciously or arbitrarily in attempting to collect the taxes. Therefore, no claim for damages arises under state law either. *See American Smelting & Ref. Co. v. Whatcom County,* 13 Wn.2d 295, 304, 124 P.2d 963 (1942). *See also State ex rel. Day v. Martin,* 64 Wn.2d 511, 520, 392 P.2d 435 (1964); *Berge v. Gorton, supra* at 760.

Based on the facts pleaded by the plaintiff, his admissions in the record, his argument before this court and the applicable law, it is clear that rather than violating any constitutional provisions or statutes, the Department of Revenue employees and officials followed the mandate of constitutional statutes in the course of their official duties. The dismissal of the plaintiff's case by the trial court was therefore appropriate.

Mr. Shutt states no legal basis for the "common law liens" he filed against the defendants and we know of none. Even assuming such "liens" are lis pendens, they are invalid because the action does not affect title to real property. RCW 4.28.320. The defendants were thus entitled to have these clouds on their real estate removed. *Washington*

*Dredging & Improvement Co. v. Kinnear,* 24 Wash. 405, 406, 64 P. 522 (1901). Therefore, the trial court properly ordered to the effect that any claim of common–law lien, lis pendens or other similar document filed or to be filed by the plaintiff in connection with this case, in which he purports to claim an interest in the real property of anyone or place a cloud upon the title or real property of anyone, should be cancelled and the cancellation noted of record by the appropriate county auditor.

The plaintiff's tactics require comment.

A cornerstone of our constitutional system is the right of all citizens to place their grievances before a court of law and be told whether or not their claims are legally cognizable and, if they are, to then obtain relief to the extent of their entitlement under the law. *Hanson v. Goodwin,* 432 F. Supp. 853, 857 (W.D. Wash. 1977). Nevertheless, "[j]udicial resources are finite. Time taken to consider frivolous claims is time not available to legitimate litigants. Baseless litigation furthermore burdens the judicial support services, . . . Responsible litigants should not be prejudiced by delays so caused, nor should public treasury bear the costs." *Hanson v. Goodwin, supra* at 858.

The plaintiff in this case had ample and appropriate legal avenues open to him to test the propriety of the tax assessed against him, the amount assessed and the constitutionality of the tax laws involved.[4] He chose not to avail himself of these, but instead endeavored to use civil legal process as a bludgeon to be wielded indiscriminately against state employees, officials, lawyers and the trial judge for having done no more than discharge their official duties. The plaintiff brought a frivolous damage action against them seeking $75 million and, in addition, endeavored to lien their own real property. A lawsuit is not a

---

[4]RCW 82.32.160 provides for an administrative conference to contest the amount of the assessment; RCW 82.32.180 provides for a judicial determination of tax liability once payment of the tax is made; and RCW 82.32.150 provides that prepayment is waived if the statute's constitutionality is challenged.

game. By proceeding as he has, the plaintiff may have opened himself to civil damage actions for abuse of process, *Fite v. Lee,* 11 Wn. App. 21, 27, 521 P.2d 964 (1974), and to criminal charges of maliciously clouding title to real property, RCW 9.38.020.

So far as the present appeal is concerned, we are of the opinion that it, too, is frivolous and taken for the purpose of delay. Accordingly, we award respondent Slade Gorton, who is Attorney General of the State of Washington, and whose office has defended the defendants, the sum of $500 as terms, to be paid to him by the plaintiff and to be remitted in turn by the Attorney General to the State General Fund. RAP 18.9(a). *Trohimovich v. Director,* 21 Wn. App. 243, 249, 584 P.2d 467 (1978); *Harvey v. Unger,* 13 Wn. App. 44, 48, 533 P.2d 403 (1975). In addition, the plaintiff will be required to pay statutory costs to be assessed herein.

Affirmed.

JAMES, A.C.J., and SWANSON, J., concur.