[No. 8207–8–I.   Division One.   May 11, 1981.]

LYDIA ANN.RICH, *Respondent,* v. FRANCIS P.
STARCZEWSKI, ET AL, *Appellants.*

*Francis P. Starczewski,* pro se.

*Thomas B. Nast,* for respondent.

JAMES, C.J.—Francis P. Starczewski, appearing pro se, appeals a judgment entered against him in a tort suit brought by Lydia Rich. Rich seeks damages pursuant to RAP 18.9, contending Starczewski's appeal is frivolous and interposed for purposes of delay. We affirm and award damages appropriate to the case.

Rich sued Starczewski in October 1978 for injuries sustained in a collision between Starczewski's van and Rich's bicycle. After a jury trial in September 1979, Rich was awarded $8,000. Starczewski filed his notice of appeal on November 30. Additional filings, which we will detail in a subsequent portion of this opinion, swelled this appeal to nearly epic proportions.

Starczewski first contends the trial judge erred in denying defense motions for a mistrial based on (1) the trial judge's failure to grant a continuance and (2) the alleged bias of the trial judge. Starczewski has failed to provide any record relevant to these matters other than his attorney's argument for a mistrial. Based on such record as exists and the parties' statements in their briefs, it appears that Starczewski's trial attorney informed Rich and her attorney a few hours before the scheduled opening of the trial that he would be unable to attend. His associate appeared to request a continuance.

The grant or denial of a motion for a continuance rests within the sound discretion of the trial judge. *State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970). Given the lateness of the request, the potential prejudice to Rich, the presiding judge's order that no further continuances be

granted in the case, and the availability of Starczewski's trial counsel's associate to represent Starczewski during jury selection, we have no doubt that the trial judge exercised sound discretion in denying the motion.

■ The record discloses no evidence upon which we could conclude the trial judge was biased. Bias or prejudice on the part of a judge is never presumed and must be affirmatively shown by the party asserting it. *Williams & Mauseth Ins. Brokers, Inc. v. Chapple,* 11 Wn. App. 623, 524 P.2d 431 (1974). Casual and unspecific allegations of judicial bias provide no basis for appellate review, even when asserted by a pro se litigant.

■ Starczewski also contends the trial judge erred in denying a defense motion for a mistrial after a police officer investigating the accident was asked by Rich's counsel whether he issued a citation at the scene and the officer responded affirmatively. As this contention is meritorious on its face, *Billington v. Schaal,* 42 Wn.2d 878, 259 P.2d 634 (1953); *Warren v. Hart,* 71 Wn.2d 512, 429 P.2d 873 (1967), we consider the issue despite Starczewski's failure to cite legal authority relevant to his contention. *Griffin v. Department of Social & Health Servs.,* 91 Wn.2d 616, 590 P.2d 816 (1979).

On the first day of trial, counsel for Rich asked the investigating officer, "Did you issue any citations at that time?" Starczewski's attorney (Mr. Magnuson) objected and the following colloquy took place:

MR. MAGNUSON: Objection. Your Honor, may we take up this matter? I think now—could we have a side bar conference, please?
THE COURT: Do you object to this question?
MR. MAGNUSON: I object to the question.
THE COURT: The objection is sustained.
THE WITNESS: Yes, I—
THE COURT: Just a moment.
MR. JONES [Rich's counsel]: You can't answer.
THE WITNESS: I'm sorry.
THE COURT: The objection is sustained.

No further comments or questions concerning this matter

occurred while the jury was present. After denying the defense motion for a mistrial, the trial judge inquired if Starczewski's counsel desired a curative instruction. Counsel declined the judge's offer.

■ The determination of when a mistrial should be ordered because improper evidence is inadvertently mentioned is a matter within the sound discretion of the trial judge. *Church v. West*, 75 Wn.2d 502, 452 P.2d 265 (1969); *Todd v. Harr, Inc.*, 69 Wn.2d 166, 417 P.2d 945 (1966). The trial judge's presence in the courtroom enables him to best determine the effect, if any, of such statements on the jury and if the statements were sufficient to deny the appellant a fair trial. *Church v. West, supra.* The impact of such statements in light of other evidence in the case is a proper consideration in determining whether a fair trial is still possible. We find no basis for concluding this reference to a citation deprived Starczewski of a fair trial. The trial judge did not abuse his discretion. Finding no error, we affirm the judgment.

■ Rich contends that Starczewski's appeal is frivolous per se because Starczewski has failed to provide an adequate record. We, however, find the record is clearly sufficient to permit review of Starczewski's assignment of error with respect to the officer's testimony. An appellate court will consider assignments of error supported by an adequate record even if another assignment of error is not accompanied by a sufficient record. *See Heilman v. Wentworth*, 18 Wn. App. 751, 571 P.2d 963 (1977).

■■ In view of Starczewski's meritorious contention concerning the police officer's testimony, an appeal merely raising that issue would not be deemed a frivolous appeal. Had this appeal been processed in a normal manner, we would not impose sanctions. However, the plethora of motions, uniformly devoid of legal grounds for the requested relief which Starczewski has filed both in the Court of Appeals and the Supreme Court, convinces us that Starczewski has substantially expanded the scope of litigation in this case beyond that necessary to permit adequate

review of claimed trial error. In essence, Starczewski has employed the rules of appellate procedure for purposes of harassment and delay, with consequently increased and unjustified inconvenience, costs, and legal fees to Rich.

The extent of Starczewski's activity in this case may be gleaned from these highlights in the record:

| | |
|---|---|
| November 30, 1979 | Starczewski filed his notice of appeal from judgment. |
| December 17, 1979 | Civil appeal statement filed, alleging misconduct by Rich's attorney, a verdict contrary to the evidence, and other trial court misconduct requiring an extensive record. |
| February 14, 1980 | Starczewski filed a description of partial verbatim report designated for inclusion in the Court of Appeals record (testimony of officer and Starczewski's witnesses only). |
| March 18, 1980 | Trial judge entered an order directing Starczewski to file an additional verbatim report and clerk's papers (in response to Rich's motion of February 19, 1980). |
| April 4, 1980 | Starczewski filed interlocutory appeal of the trial judge's order that Starczewski pay for the additional verbatim report (treated as a motion for discretionary review). |
| May 13, 1980 | Discretionary review denied. |
| May 27, 1980 | Starczewski moved for reconsideration of ruling denying discretionary review. |
| June 9, 1980 | Motion to reconsider denied. |
| July 18, 1980 | Rich notified that Starczewski had sought review of the denial of discretionary review of the trial judge's order to pay for additional record in |

the Supreme Court. Rich filed answer on August 13.

| | |
|---|---|
| August 22, 1980 | Supreme Court Commissioner denied discretionary review. |
| September 4, 1980 | Starczewski moved for modification of Commissioner's ruling. |
| October 10, 1980 | Motion to modify denied. |

Starczewski failed to file a brief which complied with appellate rules until May 27. Further proceedings in the case include:

| | |
|---|---|
| September 5, 1980 | Rich moved for accelerated review in the Court of Appeals. The motion was granted on September 24, 1980. |
| October 6, 1980 | Starczewski moved to modify Commissioner's ruling granting accelerated review. |
| October 27, 1980 | Order denying motion to modify entered. |
| December 9, 1980 | Starczewski filed motion in Supreme Court for discretionary review. Rich filed an answer on December 12, 1980. |
| January 8, 1981 | Discretionary review by Supreme Court denied. |

Yet another facet of this case arises from Starczewski's motion in superior court to obtain "post–trial discovery." The motion was apparently based on a belief that further evidence would be necessary to allow the Court of Appeals to set aside the jury verdict. The motion was denied on June 26, 1980. Starczewski subsequently filed a motion for reconsideration, and following denial of that motion, moved for discretionary review in the Court of Appeals of the order denying posttrial discovery. Thereafter, the following occurred:

| | |
|---|---|
| October 6, 1980 | Ruling entered denying discretionary review of order denying posttrial discovery. |

| | |
|---|---|
| October 30, 1980 | Starczewski moved to modify Commissioner's ruling, more than 10 days after the ruling. *See* RAP 17.7. |
| November 21, 1980 | Order denying motion to modify entered. |
| January 5, 1981 | Starczewski moved for discretionary review of Commissioner's ruling by the Supreme Court. |
| January 30, 1981 | Motion for discretionary review denied. |

We note that at the time of oral argument, Starczewski had a motion for reconsideration of the Commissioner's ruling pending in the Supreme Court. Starczewski also filed a motion for a new hearing date in the Court of Appeals on February 9, 1981 (10 days prior to scheduled oral argument), claiming that the pending review in the Supreme Court would be dispositive of the entire case.

Our rules of appellate procedure are designed to promote the considered adjudication of legal issues raised by the parties. They are not designed to place unjustified burdens, financial and otherwise, upon opposing parties nor are they designed to provide recreational activity for litigants. RAP 18.9(a) provides that an appellate court

> on its own initiative or on motion of a party may order a party or counsel who uses these rules for the purpose of delay or who fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply.

Such terms and damages are appropriate here. Our award recognizes, however, that Rich would incur some burdens and costs even had the appeal been processed in a normal manner. Consequently, we award Rich $1,000 in compensatory damages, attorney's fees of $4,000, and costs on appeal. *See Trohimovich v. Director,* 21 Wn. App. 243, 584 P.2d 467 (1978); *Harvey v. Unger,* 13 Wn. App. 44, 533 P.2d 403 (1975).

The judgment is affirmed.

CALLOW and RINGOLD, JJ., concur.

Reconsideration denied June 9, 1981.

Review denied by Supreme Court September 25, 1981.