REQUESTED BY: Charles R. Maser, Greeley County Attorney, Greeley, Nebraska
What is the legal status of an allodium freehold title deed, a declaration of homestead rights, common law lien, and notice of post?
Is there any statutory or case law authority for the county clerk to refuse to file any or all of the above documents?
How much authority does the register of deeds have in refusing to file documents which do not come under any statutory categories and if the register of deeds is required to file these documents, under what type of category are they to be filed, and are they to be indexed on the real estate?
What liability if any does the county and the register of deeds have for failing to file any of these documents when requested to do so?
Allodium freehold title deeds, declarations of homestead rights, common law liens, and notices of post have no force or effect under the laws of Nebraska.
Yes.
The register of deeds must refuse to file deeds and other instruments affecting real estate that are not entitled to be filed under the laws of the State of Nebraska.
None.
The register of deeds of Greeley County, Nebraska and the registers of deeds of various other counties within Nebraska have recently been receiving numerous documents of an unusual nature for filing. These documents specifically have included Allodium Freehold Title Deeds at Common Law, Declarations of Homestead Rights, Common Law Liens, and Notices of Post. The various registers of deeds have been understandably concerned about whether or not these documents should be filed.
Neb.Rev.Stat. § 76-237 (Reissue 1981) provides: `Every deed, entitled by law to be recorded, shall be recorded in the order and as of the time when the same shall be delivered to the register of deeds for that purpose, and shall be considered recorded from the time of such delivery.'
Further, Neb.Rev.Stat. § 76-238 (Reissue 1981) provides, in relevant part: `All deeds, mortgages and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering the same to the register of deeds for recording. . . .'
Therefore, it is clear that deeds and other instruments affecting real estate can be filed with the register of deeds only if the instruments are entitled by law to be recorded or which under the law of this state may be recorded, and that the registers of deeds have the authority and duty to refuse to file instruments that do not meet those requirements.
Despite extensive research, we have been unable to find any state or federal statutory or case law that authorizes or explains the purposes of allodium freehold title deeds, declarations of homestead rights or notices of post. Without further explanation by the individuals attempting to file these documents, any attempt on our part to try to determine their intent, would be pure speculation. However, it is apparent that allodium freehold title deeds, declarations of homestead rights or notices of post are not entitled to be recorded under the laws of Nebraska.
We are aware of one Nebraska case concerning common law liens of the type that are currently being presented to the registers of deeds for filing. In State ex rel. Douglas v.Ferguson, et al., Lancaster County District Court, Docket 337, Page 240, the court determined that the purported `common law liens' are invalid, null and void ab initio with no force or effect under the laws of the State of Nebraska, and that the filing of such `liens' is improper. As a result of that case, several registers of deeds were enjoined from filing such documents.
This decision is in accord with decisions of other courts. In Johnson v. Murray, 656 P.2d 170, 177 (Mont. 1982), the court stated:
 We have had other examples in recent years of persons asserting dark and ominous common law rights superseding our constitutions and our statutes. The attorney general of this state has been called upon to issue an opinion that nonstatutory `common law liens' filed against public officers on the mere whim of the claimed lienors are invalid, and to instruct county clerks and recorders not to accept the same for filing.
See, also, State for Ben. of Employees of State v. Jensen,331 N.W.2d 42 (N.D. 1983); People v. Dunlap, 623 P.2d 408
(Colo. 1981); Eismann v. Miller, 619 P.2d 1145 (Idaho 1980); Shutt v. Moore, 613 P.2d 1188 (Wash.App. 1980);United States v. Hart, 701 F.2d 749 (8th Cir. 1983);United States v. Van Dyke, 568 F.S. 820 (D. Ore. 1983); and Eagle v. Kenai Pennisula Borough, 489 F.S. 138 (D. Ala. 1980).
As far as we can determine there are only two purposes served that can be served by the filing of the various documents. First, the person filing the documents want to place a cloud on the title to his own land in an attempt to delay and frustrate legal actions that have been brought against the individual seeking to file the document. The second is to harass various landowners, who are often public officials properly performing their duties, by placing clouds upon the title to their land and forcing the landowners to institute lawsuits to have the clouds removed. Neither of these purposes are proper.
Since allodium freehold title deeds at common law, declarations of homestead rights, common law liens, and notices of post are of no force and effect in Nebraska and are not authorized by law to be filed, these instruments should not be filed by the registers of deeds, and the refusal to file such documents should not result in liability for the register of deeds or for the county. We feel that it is more likely that the filing of these documents would result in the register of deeds or the county being liable to the landowners whose titles have been improperly clouded.
Sincerely, PAUL L. DOUGLAS Attorney General Sharon M. Lindgren Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General