[No. 8706–1–I. Division One. December 28, 1981.]

WHATCOM COUNTY, *Respondent,* v. JULIUS KANE,
ET AL, *Appellants.*

*Julius Kane,* pro se.

*David S. McEachran, Prosecuting Attorney,* and *Eugene R. Moses, Deputy,* for respondent.

RINGOLD, A.C.J.—Julius Kane appeals an injunction barring him from engaging in certain litigation activities without prior approval of court. We reverse on procedural grounds and remand for further proceedings.

On March 3, 1980, the Whatcom County Prosecuting Attorney's Office filed a civil action seeking injunctive relief against Julius and Roberta Kane.[1] The County sought to enjoin the Kanes from commencing litigation or filing pleadings in any Whatcom County court unless they obtained prior written leave of court. The County also sought an injunction barring the Kanes from assisting others in commencing legal proceedings. Along with the complaint, the prosecutor filed a motion for a preliminary injunction, a motion for consolidation of the hearings on the preliminary and permanent injunction and a motion for an order to show cause. The court consolidated the hearing on the preliminary injunction with the hearing on the merits for a permanent injunction and issued a show cause order returnable on March 14, 1980. On March 4, 1980, the sheriff personally served Julius Kane with the court's order, the summons, the complaint, the motion and all supporting pleadings.

The Kanes failed to appear at the March 14 hearing, and the court entered a default judgment granting the County's request for a permanent injunction against the Kanes.

---

[1]Roberta Kane is not named in the Notice of Appeal.

From the record, it appears that the trial court heard no testimony, but based its default judgment on the factual allegations contained in affidavits filed by two deputy prosecutors. The permanent injunction, dated March 14, 1980, required the Kanes to obtain prior leave of court before commencing any legal proceeding or filing any legal document in Whatcom County against any citizen. It declared that all such documents must be referred to the presiding judge and that copies must be sent to the county prosecuting attorney. The order also required the prosecutor to advise the presiding judge of any reason why the documents should not be filed and declared that any document filed without prior leave shall be null and void. The court stated no reasons for the issuance of the injunction.

Julius Kane did not move for vacation of the default judgment, but filed a timely Notice of Appeal. The trial court subsequently clarified its order to state that it was granted upon the prosecutor's certificate of submissions and the default of Julius Kane.

■ The County does not argue the merits of the injunction, but insists that we have nothing to review because the brief of Julius Kane is unintelligible. This case, however, comes within the rule that contentions raised on appeal that are unsupported by relevant argument or citation of authority will be considered if well taken on their face. *Griffin v. Department of Social & Health Servs.,* 91 Wn.2d 616, 590 P.2d 816 (1979); *Rich v. Starczewski,* 29 Wn. App. 244, 628 P.2d 831 (1981). One of Kane's arguments has obvious merit and is dispositive of this appeal.

■ Where a default judgment is prematurely entered before the time to answer has expired, the defendant is entitled to have the default set aside as a matter of right without furnishing an affidavit of merits. *Tiffin v. Hendricks,* 44 Wn.2d 837, 271 P.2d 683 (1954); *Batchelor v. Palmer,* 129 Wash. 150, 224 P. 685 (1924). Here, the default judgment was entered only 10 days after the complaint and

summons were served on Julius Kane. The default judgment was improper because 20 days had not elapsed since the service of summons. CR 4(a)(2); *cf. State v. McCoy,* 122 Wash. 94, 209 P. 1112 (1922) (no responsive pleading within the time allowed by law).

Julius Kane did not move to vacate the judgment, but he preserved his rights by filing a timely appeal. RAP 2.2. He, therefore, has a right to an order setting aside the default judgment.

There is another defect in the judgment entered by the trial court. CR 65(d) requires every injunction to set forth the reasons for its issuance. The injunction entered by the trial court in this case contains no such reasons.

▮ On the question of the power of the trial court to issue the broad injunctive relief granted in this case, we are aware that such authority exists where sufficient facts are proved. *Burdick v. Burdick,* 148 Wash. 15, 267 P. 767 (1928). Proof of mere litigiousness will not support an injunction, *see Pavilonis v. King,* 626 F.2d 1075 (1st Cir. 1980), but some injunctive relief may be appropriate if the County makes a specific and detailed showing of a pattern of abusive and frivolous litigation. *See Eismann v. Miller,* 101 Idaho 692, 619 P.2d 1145 (1980); *Green v. White,* 616 F.2d 1054 (8th Cir. 1980); *Gordon v. United States Dep't of Justice,* 558 F.2d 618 (1st Cir. 1977); *Clinton v. United States,* 297 F.2d 899 (9th Cir. 1961); *Carter v. Telectron, Inc.,* 452 F. Supp. 944 (S.D. Tex. 1977). The trial court must be careful not to issue a more comprehensive injunction than is necessary to remedy proven abuses, and if appropriate the court should consider less drastic remedies. *See Kane v. New York,* 468 F. Supp. 586 (S.D.N.Y. 1979); *Ex parte Tyler,* 70 F.R.D. 456 (E.D. Mo. 1975). As we said in *Shutt v. Moore,* 26 Wn. App. 450, 456, 613 P.2d 1188 (1980), "[a] cornerstone of our constitutional system is the right of all citizens to place their grievances before a court of law . . ."

We reverse the order of default and the permanent injunction and remand for further proceedings.

CALLOW and CORBETT, JJ., concur.

Reconsideration denied March 2, 1982.