# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>    Respondent,<br><br>  v.<br><br>ANTHONY DEWAYNE PARKER,<br><br>    Appellant. | No.  54685-0-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Anthony Parker appeals the trial court order requiring him to obtain permission before filing additional motions.  Parker argues that the order violates his constitutional right to access the courts and that he had a statutory and due process right to be represented by counsel at the hearing.  We remand for reconsideration under the appropriate standard and hold that Parker is entitled to counsel.

## FACTS

Anthony Parker is serving a 601 month sentence for convictions of multiple crimes.  Parker has appealed and filed numerous collateral attacks against his judgment and sentence including five separate CrR 7.8 motions in January 2020.[1]

---

[1] On appeal, the State also presented evidence of additional collateral attacks Parker has filed since the trial court entered the order.  However, because evidence of additional collateral attacks was not before the trial court and are not necessary "to fairly resolve the issues on review," we do not consider them.  RAP 9.11(a).

On January 23, 2020, the State filed a motion asking the trial court to enter an order barring Parker from filing additional motions in any court in Washington without prior permission from the clerk of our Supreme Court. A hearing on the motion for the order was held at which the State argued that Parker's filings were frivolous and placed an unnecessary strain on its resources. Parker argued that his filings were not frivolous. Parker also asked whether he had counsel for the hearing, to which the trial court replied, "No." Verbatim Report of Proceedings (RP) (Feb. 28, 2020) at 6-7.

The trial court granted the State's motion requesting that Parker be required to obtain permission prior to filing collateral attacks. The trial court entered a written order stating:

> Ordered that no court in this state shall accept for filing from Anthony Parker any personal restraint petitions, habeas corpus actions, CrR 7.8 motions, or other collateral attacks as that term is defined in RCW 10.73.090(2), seeking relief from his judgment in the instant matter unless Parker first demonstrates that he has obtained permission from the Clerk of the Supreme Court, Honorable Susan L. Carlson, or from a Commissioner for that Court for the filing of said petition or other action to assure that said petition or other action is not frivolous or repetitive.

Clerk's Papers (CP) at 297-98 (boldface omitted). The trial court did not make any findings of fact or conclusions of law to support its order either in its oral ruling from the bench or in its written order.

After entering the order, the trial court refused to accept Parker's filings. Parker sent a letter to the Supreme Court clerk requesting permission to have his motions considered. In response, the clerk sent a letter to the parties and the trial court stating that she was not consulted prior to the filing of the order and informing them that she would not be performing the obligations the order purported to place on her.

Parker appeals the trial court's order.

2

No. 54685-0-II

ANALYSIS

## I. ORDER

### A. LEGAL PRINCIPLES

We review a trial court order limiting an individual's access to the court for an abuse of discretion. *Bay v. Jensen*, 147 Wn. App. 641, 657, 196 P.3d 753 (2008).

There is a due process constitutional right of access to the courts for incarcerated individuals. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174 (1996); *Whitney v. Buckner*, 107 Wn.2d 861, 865, 734 P.2d 485 (1987). However, this right is not absolute and may be limited with reasonable restrictions. *In re Marriage of Giordano*, 57 Wn. App. 74, 77, 787 P.2d 51 (1990). "Every court of justice has power . . . [to] provide for the orderly conduct of proceedings before it." RCW 2.28.010(3). Courts are authorized to "control the conduct of litigants who impede the orderly conduct of proceedings." *Yurtis v. Phipps*, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). "[A] court may, in its discretion, place reasonable restrictions on any litigant who abuses the judicial process." *Id.*

Trial courts may enjoin a party from litigation if there is a " 'specific and detailed showing of a pattern of abusive and frivolous litigation.' " *Id.* (quoting *Whatcom County v. Kane*, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). "Proof of mere litigiousness is insufficient to warrant limiting a party's access to the court." *Bay*, 147 Wn. App. at 657. When a trial court issues an injunction it " 'must be careful not to issue a more comprehensive injunction than is necessary to remedy proven abuses, and if appropriate the court should consider less drastic remedies.' " *Yurtis*, 143 Wn. App. at 693 (quoting *Whatcom County*, 31 Wn. App. at 253).

3

B. APPLICATION

Here, the trial court failed to apply the proper standard to the State's motion. The State failed to articulate the appropriate standard of a " 'specific and detailed showing of a pattern of abusive and frivolous litigation' " in its motion to the trial court, and the trial court's order does not demonstrate that it applied this standard when it entered the order. *Yurtis*, 143 Wn. App. at 693 (quoting *Whatcom County*, 31 Wn. App. at 253). Thus, we remand to the trial court for reconsideration to permit the trial court to apply the correct standard and to ensure that any order is consistent with its authority.

II. RIGHT TO COUNSEL

A. STATUTORY RIGHT TO COUNSEL

Parker argues that he had a statutory right to counsel at the public expense at the hearing on the order under RCW 10.73.150. We disagree.

Questions of statutory interpretation and application are reviewed de novo. *State v. Dennis*, 191 Wn.2d 169, 172, 421 P.3d 944 (2018). Our goal in statutory interpretation issues is to "ascertain and carry out the legislature's intent." *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). Where a statute is unambiguous, we interpret a statute according to its plain meaning without reference to outside sources. *Id.*

Washington law provides that indigent individuals must be provided counsel at the public's expense where the individual "[r]esponds to a collateral attack filed by the state." RCW 10.73.150(5).

Here, the State requested that the trial court enter an order against Parker to prevent him from filing motions in his criminal case unless he first receives permission. Although there is no

statutory definition for what constitutes a collateral attack under RCW 10.73.150, we find that this was not a collateral attack by the State. The State's request did not affect Parker's judgment or sentence, but was merely adding a procedural step to prevent frivolous filings. Because the State's motion was not a collateral attack and no other statutory basis has been raised, Parker did not have a statutory right to counsel under RCW 10.73.150(5).

B. DUE PROCESS RIGHT TO COUNSEL

Parker also argues that he has a due process right to counsel when the State is attempting to restrict his right of access to the courts under these circumstances. We agree.

On appeal, the question of whether an individual was constitutionally entitled to counsel under due process is reviewed de novo, but we defer to a trial court's findings of fact where appropriate. *In re Dependency of E.H.*, 191 Wn.2d 872, 895, 427 P.3d 587 (2018).

Where an individual does not have a statutory right to counsel, they may still have a due process right to counsel under the federal and state constitutions. U.S. CONST. amend. XIV; WASH. CONST. art. 1, § 22; *State v. Stone*, 165 Wn. App. 796, 810-11, 268 P.3d 226 (2012). " '[F]undamental fairness—the touchstone of due process'—may require appointment of counsel at public expense in certain cases." *Id.* at 812 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)).

We apply the *Mathews v. Eldridge*[2] factors on a case-by-case basis to determine whether a due process right to counsel applies. *In re Dependency of E.H.*, 191 Wn.2d at 894. We consider: "(1) the nature of 'the private interest that will be affected,' (2) the comparative 'risk' of an 'erroneous deprivation' of that interest with and without 'additional or substitute procedural

---

[2] 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

safeguards,' and (3) the nature and magnitude of any countervailing interest in not providing 'additional or substitute procedural requirement[s].'" *Turner v. Rogers*, 564 U.S. 431, 444-45, 131 S. Ct. 2507, 180 L. Ed. 2d 452 (2011) (alteration in original) (quoting *Mathews v. Eldridge*, 424 U.S. at 335).

Relevant factors in determining whether due process requires an indigent individual to be provided counsel at public expense are whether the opposing party is represented by counsel and whether procedural safeguards are in place ensuring that the individual has notice and a "fair opportunity to present, and to dispute, relevant information, and express court findings." *Turner*, 564 U.S. at 448. Where the State is represented by an attorney at a proceeding but a defendant is not, concerns arise of an " 'asymmetry of representation.' " *Stone*, 165 Wn. App. at 814 (quoting *Turner*, 564 U.S. at 447). Additionally, where a proceeding requires an individual to present complex issues, it is more likely that there is a due process right to counsel. *Gagnon*, 411 U.S. at 786-87.

First, the private interest involved here is Parker's right of access to the courts. This interest was affected when the trial court required prior approval before Parker could file pleadings with any state court. Although Parker was not at risk of being deprived of his personal liberty because he had already been convicted of a crime and imprisoned, a right of access to the courts for an incarcerated individual is still of fundamental importance. Moreover, court filings by incarcerated individuals related to the case for which they are incarcerated could affect their personal liberty

through the potential for release.[3] In these specific circumstances, this factor weighs in favor of a due process right to counsel because the State is seeking to limit an important private interest.

Second, there was risk of Parker being erroneously deprived of his constitutional right to access the courts. Had Parker originally been provided counsel below, counsel could have brought to the trial court's attention the appropriate standard to apply to the State's request. Whether a more accurate decision would have been made had counsel been provided is a relevant consideration under the second factor. *In re Dependency of E.H.*, 191 Wn.2d at 895-96.

In addition, if Parker is unrepresented, there is an asymmetry of representation. Here, the State, represented by an attorney, requested the trial court limit an unrepresented individual's right of access to the courts. Although Parker was in a position to explain the legal bases for his many underlying motions because he brought them himself, the State's motion focused on the volume and manner in which the filings were made, characterizing them as frivolous. Adequately addressing these questions may require legal experience in appellate rules and customs, causing an imbalance in the proceedings when one side is unrepresented.

Further, this risk of erroneous deprivation may be lessened by additional procedural safeguards. While some safeguards may be provided by Parker's ability to appeal, this specific order illustrates well the risk of these types of motions. For example, this order purports to limit Parker's access to the appellate courts. Additionally, the order's assignment of a gatekeeper function to the Supreme Court clerk is a solid barrier to access when the clerk is understandably unwilling to fulfill these assigned duties. It may be unlikely that future orders limiting court access

---

[3] We take no position on whether this factor would be applied differently if Parker was not incarcerated or if the State's motion did not affect the case for which he was incarcerated.

for incarcerated individuals will have these exact provisions, but their presence in this order demonstrates the inherent risk to this important right without more safeguards than existed for Parker.

Third, as for the nature and magnitude of the countervailing interests, the government has an interest in expediently resolving issues regarding frivolous litigation and not spending any additional resources on individuals who may have already expended resources unnecessarily. *See In re Dependency of A.E.T.H.*, 9 Wn. App. 2d 502, 527-28, 446 P.3d 667 (2019). However, had counsel been appointed for Parker below, the trial court may have been advised of the appropriate standard of review to apply, saving the expenditure of additional resources now required. In addition to preventing frivolous filings, the State also has an interest in ensuring accurate decisions. *See Id.* at 528.

In applying the three *Mathews* factors to this specific order, we conclude that Parker has a due process right to counsel for the State's motion. The private right of access to the courts is significant. There is a risk of erroneous deprivation for which there are inadequate safeguards, and the government's countervailing interest, on balance, is not significant enough to outweigh the other factors.

By providing counsel at public expense to Parker, we are not greatly expanding the right to counsel. Our conclusion is narrowly limited to Parker in this case as an incarcerated defendant responding to the State's request to limit his right of access to the courts to file pleadings in the matter for which he is incarcerated.

No. 54685-0-II

III. STATEMENT OF ADDITIONAL GROUNDS (SAG)

Parker raises additional issues in a SAG. He claims that the State used fabricated evidence to deprive him of a fair reference hearing and the State violated *Brady* when the State failed to submit material when requested. Neither of these matters were before the trial court for the order on appeal. Therefore, they may not be appealed. RAP 2.2.

CONCLUSION

We remand to the trial court to reconsider the motion under the correct standard and tailor any order to be consistent with its authority. We also order that Parker be appointed counsel on remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, P.J.

VELJACIC, J.

9