IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

SEAN KUHLMEYER, a single person,

Appellant,

v.

ISABELLE LATOUR, marital status
unknown; KARMA LOUISE ZAIKE, aka
KARMA LOUISE JOSEPH, marital
status unknown; MICHAEL BUGNI,
marital status unknown, both in his
individual capacity, and as owner of the
law firm Michael Bugni and Associates;
NANCY WEIL, marital status unknown;
and DOUGLAS and DANIELLE
KISKER, and the marital community
composed therewith,

Respondents,

Other potential defendants as
discovered facts determine, possibly
including ERIKA REICHLEY, marital
status unknown; DONA HARRIS,
marital status unknown; TRESSE
TODD, marital status unknown; and
unknown other potential defendants,
known or unknown, as discovered and
as amended, so named hereafter, if
any exist,

Defendants.

No. 82828-2-I
(consolidated with 83312-0-I)

UNPUBLISHED OPINION

BOWMAN, J. — Sean Kuhlmeyer appeals the trial court's dismissal of his

lawsuit against his ex-wife and several professionals involved in their dissolution

as abusive litigation. He also seeks relief from future filing restrictions ordered

Citations and pin cites are based on the Westlaw online version of the cited material.

under the abusive litigation act (ALA), chapter 26.51 RCW.  Kuhlmeyer argues the ALA is unconstitutional and the court misapplied the ALA to his lawsuit.  Finding no error, we affirm.

FACTS

Kuhlmeyer and Isabelle Latour divorced in May 2018.  Kuhlmeyer, who is an attorney, has litigated dissolution related issues ever since.  See In re Marriage of Kuhlmeyer, No. 78765-9-I (Wash. Ct. App. Jan. 21, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/787659.pdf; In re Marriage of Kuhlmeyer, No. 81002-2-I (Wash. Ct. App. Mar. 8, 2021) (unpublished), https://www.courts.wa.gov/ opinions/pdf/810022.pdf.

In July 2020, Kuhlmeyer sued Latour; her dissolution attorney, Karma Zaike; Zaike's law partner, Michael Bugni; the guardian ad litem (GAL), Nancy Weil; and Latour's friends, Douglas and Danielle Kisker.[1]  In the 399-page complaint, Kuhlmeyer variously asserts more than 30 tort claims against the defendants.  Each claim is rooted in facts related to Kuhlmeyer and Latour's dissolution proceeding.

In January 2021, Latour moved the court for an order restricting Kuhlmeyer from engaging in abusive litigation under the ALA.  The court held a hearing on the motion, and as a threshold matter, found by a preponderance of the evidence that Kuhlmeyer and Latour were in a prior intimate partner

---

[1] Kuhlmeyer also named as "potential defendants" Erika Reichley, Dona Harris, and Tresse Todd, all employees of the Law Offices of Michael W. Bugni & Associates PLLC.  But Kuhlmeyer never served them with the complaint, and they did not participate in the proceedings below.

relationship and that Kuhlmeyer committed domestic violence against Latour. It then found that the ALA applied to Kuhlmeyer and set the matter for an evidentiary hearing in April to determine whether it should dismiss his lawsuit as abusive litigation.

After the hearing, on May 7, 2021, the court issued an "Order Restricting Abusive Litigation of Attorney Sean Kuhlmeyer." It determined that (1) Kuhlmeyer advanced his lawsuit primarily to harass, intimidate, or maintain contact with Latour; (2) the parties already litigated all the claims in the dissolution proceeding; and (3) a court previously found the allegations to be without the existence of evidentiary support. The court dismissed the lawsuit with prejudice under both the ALA and its inherent authority to control the conduct of litigants who impede orderly proceedings. It then awarded the defendants attorney fees and costs. The court also ordered that Kuhlmeyer must obtain permission from the court before filing a new case or a motion in an existing case for 72 months.

Kuhlmeyer appeals.[2]

---

[2] Latour, Zaike and Bugni collectively, and the Kiskers responded. Weil did not. Two groups filed amicus briefs in support of the respondents. Amici curiae Sexual Violence Law Center, Legal Voice, Coalition Ending Gender-Based Violence, DOVE Project, King County Sexual Assault Resource Center, YWCA, and New Beginnings argue that the trial court properly applied the ALA and that the act is constitutional. Amici curiae Northwest Justice Project, Jewish Family Service, Eastside Legal Assistance Program, King County Bar Association, and Snohomish County Legal Services argue that the ALA should apply to filings in the court of appeals.

ANALYSIS

Constitutional Claims

Kuhlmeyer argues that the ALA is unconstitutional because it violates the separation of powers doctrine and restrains his fundamental due process right to access courts.

We review the constitutionality of statutes de novo. Afoa v. Dep't of Lab. & Indus., 3 Wn. App. 2d 794, 804, 418 P.3d 190 (2018). We presume statutes are constitutional, and the burden is on the party challenging the statute to prove beyond a reasonable doubt that the statute is unconstitutional. Id.

1. Separation of Powers

Kuhlmeyer argues that the ALA violates the separation of powers doctrine. We disagree.

Under the separation of powers doctrine, the legislature cannot make judicial determinations, it must legislate. City of Tacoma v. O'Brien, 85 Wn.2d 266, 271-72, 534 P.2d 114 (1975).

> "A judicial [determination] investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter."

Id. at 272 (quoting Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226, 29 S. Ct. 67, 53 L. Ed. 150 (1908)).

Kuhlmeyer argues that because courts already have inherent authority to respond to abusive litigation tactics, the ALA amounts to an unconstitutional

4

legislative encroachment on a judicial function.[3]  But the fact that courts already have methods of curbing abusive litigation does not render legislation designed to prevent abusive litigation as a foray into judicial powers.

By enacting the ALA, the legislature provided "the courts with an additional tool to curb abusive litigation and to mitigate the harms abusive litigation perpetuates."  RCW 26.51.010.  The ALA does not limit the court's inherent authority to control the conduct of litigants or the orderly conduct of proceedings. See RCW 26.51.060(3) ("Nothing in this section or chapter shall be construed as limiting the court's inherent authority to control the proceedings and litigants before it.").  The separation of powers doctrine does not prevent the legislature from creating a law that supplements a court's inherent authority to address abusive litigation.

### 2.  Due Process

Kuhlmeyer argues the court's order under the ALA that he obtain permission before filing a new case renders the statute unconstitutional as applied.  According to Kuhlmeyer, the right to earn a living is a fundamental right protected under due process, and the broad prefiling restriction unconstitutionally infringes on his ability to practice law.  We disagree.

The pursuit of an occupation or profession is a liberty interest protected by the Fourteenth Amendment's due process clause.  Conn v. Gabbert, 526 U.S. 286, 291-92, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999); U.S. CONST. amend XIV.

---

[3] See Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008) (courts have "inherent power to control the conduct of litigants who impede the orderly conduct of proceedings").

Citing Duranceau v. City of Tacoma, 27 Wn. App. 777, 780, 620 P.2d 533 (1980), Kuhlmeyer argues the pursuit of a profession is a fundamental right, the regulation of which is subject to strict scrutiny. But "neither [the Washington Supreme Court] nor the United States Supreme Court has characterized the right to pursue a particular profession as a fundamental right." Amunrud v. Bd. of App., 158 Wn.2d 208, 220, 143 P.3d 571 (2006), abrogated on other grounds by Yim v. City of Seattle, 194 Wn.2d 682, 451 P.3d 694 (2019); see also Conn, 526 U.S. at 291-92 ("the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, . . . a right which is nevertheless subject to reasonable government regulation"). So restrictions need only rationally relate to a legitimate state interest. Amunrud, 158 Wn.2d. at 222.

Here, the court ordered:

. . . Pursuant to RCW 26.51.070, Mr. Kuhlmeyer -for the next 72 months- is subject to prefiling restrictions. If he wishes to file a new case, or a motion in a now-existing case, he must first make application before [this Court,] Department 28 of the King County Superior Court. Such application shall be in the form of a one-page document, in twelve-point type, that provides a summary of the parties involved and the proposed claims or issues. The proposed complaint or motions shall be attached to the summary; no other exhibits or attachments may be included. The Court will follow the procedures set forth in RCW 26.51.070 in determining whether the filing shall be permitted.
. . . If the filing of a new case is permitted, the subsequently-assigned Department will thereafter oversee all motions associated with the case. If Mr. Kuhlmeyer seeks to "add parties, amend the complaint, or is otherwise attempting to alter the parties and issues involved in the litigation in a manner that the [assigned] judicial officer reasonably believes would constitute abusive litigation, the judicial officer shall stay the proceedings and refer the case back" to Department 28 for further review. See RCW 26.51.070(5). If Ms. Latour is served with a pleading filed by Mr. Kuhlmeyer, and

6

> the pleading does not have an attached order allowing the
> pleading, she may respond by simply filing a copy of this Order.[4]

Judicial oversight of Kuhlmeyer's ability to file pleadings is rationally related to the legitimate state interest in preventing abusive litigation. See RCW 26.51.010 (legislature's intent in enacting the ALA was to "curb abusive litigation and to mitigate the harms abusive litigation perpetuates"). And Kuhlmeyer overstates the order's impact on his ability to practice law. The only restriction on Kuhlmeyer's ability to file a new case is that he first obtain permission of the court. If the case is not designed to harass or intimidate Latour, his ability to litigate on behalf of his client can proceed unrestricted. Kuhlmeyer fails to show an unconstitutional restriction on his ability to earn a living.[5]

Application of the ALA

Kuhlmeyer argues that the trial court erred by concluding that his lawsuit amounts to abusive litigation because substantial evidence does not support the trial court's finding that he committed domestic violence against Latour or its conclusion that the primary purpose of his lawsuit was to harass, intimidate, or maintain contact with Latour. He also argues that the ALA required the trial court to assess the merits of his lawsuit, and that even if his claims against Latour were abusive, the court should not have dismissed his claims against Zaike, Bugni, Weil, and the Kiskers. We address each argument in turn.

---

[4] Fourth alteration in original.

[5] Kuhlmeyer also summarily asserts that the ALA is facially unconstitutional under the due process clause and that it is unconstitutionally vague as applied. But he does not support his argument with legal authority or analysis. "We will not consider an inadequately briefed argument." Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

1.  Substantial Evidence

Kuhlmeyer argues the trial court erred by finding Latour was a victim of domestic violence.  We disagree.

We review a trial court's findings of fact to determine whether substantial evidence supports them and, if so, whether the findings of fact support the trial court's conclusions of law.  Nordstrom Credit, Inc. v. Dep't of Revenue, 120 Wn.2d 935, 939, 845 P.2d 1331 (1993).  Evidence is substantial if it is sufficient to persuade a fair-minded, rational person of the declared premise.  Merriman v. Cokeley, 168 Wn.2d 627, 631, 230 P.3d 162 (2010).  The party challenging a finding of fact bears the burden of showing that substantial evidence does not support the finding.  Nordstrom, 120 Wn.2d at 939-40.  We review conclusions of law de novo.  Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

The legislature enacted the ALA, recognizing that "individuals who abuse their intimate partners often misuse court proceedings in order to control, harass, intimidate, coerce, and/or impoverish the abused partner," and that "[c]ourt proceedings can provide a means for an abuser to exert and reestablish power and control over a domestic violence survivor long after a relationship has ended."  RCW 26.51.010.  So, under the ALA, a party to litigation may seek an order restricting abusive litigation "if the parties are current or former intimate partners and one party has been found by the court to have committed domestic violence against the other party."  RCW 26.51.030(1).

8

When a party moves for an order restricting abusive litigation, the court must "attempt to verify that the parties have or previously had an intimate partner relationship and that the party raising the claim of abusive litigation has been found to be a victim of domestic violence by the other party." RCW 26.51.040(1). If the court "verifies that both elements are true, or is unable to verify that they are not true," it must "set a hearing to determine whether the litigation meets the definition of abusive litigation." Id. Under RCW 26.51.020(1)(a), litigation is abusive if

> (i) The opposing parties have a current or former intimate partner relationship;
> (ii) The party who is filing, initiating, advancing, or continuing the litigation has been found by a court to have committed domestic violence against the other party pursuant to: (A) An order entered under chapter 7.105 RCW or former chapter 26.50 RCW; (B) a parenting plan with restrictions based on RCW 26.09.191(2)(a)(iii); or (C) a restraining order entered under chapter 26.09, 26.26A, or 26.26B RCW, provided that the issuing court made a specific finding that the restraining order was necessary due to domestic violence; and
> (iii) The litigation is being initiated, advanced, or continued primarily for the purpose of harassing, intimidating, or maintaining contact with the other party.

Here, the trial court found Kuhlmeyer committed domestic violence against Latour because "the [dissolution] court entered a restraining order pursuant to RCW 26.09[.060], in which it found that Mr. Kuhlmeyer, the restrained person, 'represents a credible threat to the physical safety' of Ms. Latour." Substantial evidence supports that finding.

The record shows that in June 2018, the dissolution court issued a restraining order under RCW 26.09.060. The order prohibited Kuhlmeyer from contacting Latour for five years. And the court explicitly found that Kuhlmeyer is

"a former spouse" of Latour and that Kuhlmeyer "represents a credible threat to the physical safety of" Latour.

Kuhlmeyer argues that the "credible threat" finding in the restraining order is itself not supported by substantial evidence. But Kuhlmeyer challenged whether the restraining order was proper in his first appeal of the dissolution. See Kuhlmeyer, No. 78765-9, slip op. at 8-9. We rejected that claim. Id. Any ability to challenge the underlying basis of the restraining order has long since expired. See RAP 5.2(a), 12.7(a).

Kuhlmeyer also argues that the trial court erred by concluding that the primary purpose of his lawsuit was to harass, intimidate, or maintain contact with Latour. Again, we disagree.

The ALA creates a rebuttable presumption that litigation is being initiated, advanced, or continued "primarily for the purpose of harassing, intimidating, or maintaining contact with the other party" if there is evidence that "[t]he same or substantially similar issues between the same or substantially similar parties have been litigated within the past five years," or if courts have sanctioned the alleged abusive litigant "for filing one or more cases, petitions, motions, or other filings . . . that were found to have been frivolous, vexatious, intransigent, or brought in bad faith involving the same opposing party."[6] RCW 26.51.050(1), (3).

Here, the court found that Kuhlmeyer litigated the "facts surrounding the Dissolution . . . repeatedly and obsessively," and that "King County Superior

---

[6] The statute also imposes the rebuttable presumption if the "same or substantially similar issues between the same or substantially similar parties have been raised, pled, or alleged in the past five years and were dismissed on the merits or with prejudice." RCW 26.51.050(2).

Court judicial officers have held Mr. Kuhlmeyer in contempt, have found him in violation of CR 11, have found him in violation of the Rules of Professional Conduct, and have imposed prefiling restrictions." Those findings support a rebuttable presumption that Kuhlmeyer advanced the litigation primarily to harass, intimidate, or maintain contact with Latour. RCW 26.51.050(1)-(3). Kuhlmeyer offered no evidence to rebut that presumption.

    2.  Merits of the Claims

    Kuhlmeyer argues that the trial court erred by dismissing his lawsuit without first analyzing the merits of his claims. We disagree.

    We review issues of statutory interpretation de novo. West v. Dep't of Fish & Wildlife, 21 Wn. App. 2d 435, 441, 506 P.3d 722 (2022). Our goal is to give effect to the legislature's intent. Id. We first look to the plain meaning of a statute as an expression of intent. Id. If the language is plain and unambiguous, our inquiry ends. Id.

    Under the ALA, litigation is abusive if it meets the factors of RCW 26.51.020(1)(a) and "at least one of" these factors apply:

> (i)  Claims, allegations, and other legal contentions made in the litigation are not warranted by existing law or by a reasonable argument for the extension, modification, or reversal of existing law, or the establishment of new law;
> (ii)  Allegations and other factual contentions made in the litigation are without the existence of evidentiary support; or
> (iii)  An issue or issues that are the basis of the litigation have previously been filed in one or more other courts or jurisdictions and the actions have been litigated and disposed of unfavorably to the party filing, initiating, advancing, or continuing the litigation.

RCW 26.51.020(1)(b).

11

Kuhlmeyer argues that RCW 26.51.020(1)(b)(i) "requires the court analyze the evidence of [his] alleged complaints." But the plain language of the statute provides three alternative factors that can support an abusive litigation finding. And the court held that Kuhlmeyer's complaint amounts to abusive litigation under RCW 26.51.020(1)(b)(ii) and (iii).

The court found that "Kuhlmeyer filed over 700 pages of pleadings in opposition to the entry of an [ALA] bar order," which were "entirely devoted to [his] theory that the tort claims will allow him [to] recompense for what he perceives to be errors of fact and law in the Dissolution." It then concluded that "these allegations have previously been determined to be 'without the existence of evidentiary support' " under RCW 26.51.020(1)(b)(ii),[7] and that the claims " 'have previously been filed in one or more other courts or jurisdictions and the actions have been litigated and disposed of unfavorably to the party filing, initiating, advancing, or continuing the litigation' " under RCW 26.51.020(1)(b)(iii). As discussed above, substantial evidence supports those determinations.

3. Dismissal of Non-Latour Defendants

Kuhlmeyer argues the ALA restricts only litigation naming former intimate partners as a party, so the court erred by dismissing his claims against Zaike, Bugni, Weil, and the Kiskers. We need not reach that issue because the court properly dismissed his claims under its inherent authority to control the proceedings before it.

---

[7] Kuhlmeyer also argues that the defendants "were required to prove" that he "had no possibility of proving his claims . . . on the evidence." But he cites no authority for that contention, and the plain language of the statute provides otherwise, so we do not consider it. Norcon, 161 Wn. App. at 486.

"In Washington, every court of justice has inherent power to control the conduct of litigants who impede the orderly conduct of proceedings." Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008). A court may place reasonable restrictions on any litigant who abuses the judicial process. Id. Trial courts have the authority to enjoin a party from engaging in litigation "upon a 'specific and detailed showing of a pattern of abusive and frivolous litigation.' " Id. (quoting Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). "When issuing an injunction, the trial court 'must be careful not to issue a more comprehensive injunction than is necessary to remedy proven abuses, and if appropriate the court should consider less drastic remedies.' " Id. (quoting Kane, 31 Wn. App. at 253). We review a court's exercise of its inherent power to control litigants for an abuse of discretion. Id. (citing In re Marriage of Giordano, 57 Wn. App. 74, 78, 787 P.2d 51 (1990)).

When the court dismissed Kuhlmeyer's claims against the non-Latour defendants, it explained that "[e]ven if any defendants are not eligible for dismissal and injunctive relief pursuant to RCW 26.51.010 et seq," it is proper to dismiss Kuhlmeyer's claims using its inherent power. It determined that Kuhlmeyer's claims against the non-Latour defendants result from his "obsessive and destructive conduct arising from the Dissolution," and since he "exhausted his remedies in the Dissolution matter . . . , Mr. Kuhlmeyer is now using tort claims to relitigate the facts associated with his divorce" and to "gain power over" Latour. And "[n]o [previous] interventions by the Court have proven successful in curbing [Kuhlmeyer's] behavior."

The record supports that decision. Kuhlmeyer's claims against Zaike all arose out of her representation of Latour at dissolution. His claims against Bugni arose from his supervision of Zaike in her representation of Latour during the dissolution. His claims against Weil arose from her work as the GAL in the dissolution. And his claim against the Kiskers arose from a disputed piece of property allocated at dissolution. Each claim sought to vindicate instances Kuhlmeyer perceives as injustices associated with the dissolution action. And each claim ensnares Latour as a possible witness. The court did not abuse its discretion by dismissing Kuhlmeyer's claims against the non-Latour defendants.[8]

Attorney Fees

Kuhlmeyer, Latour, Zaike, Bugni, and the Kiskers seek attorney fees and costs on appeal. Under RAP 18.1, a party may seek reasonable attorney fees on appeal. We may award attorney fees on appeal if a contract, statute, or recognized ground in equity permits recovery of attorney fees at trial and the party substantially prevails. Judges of the Benton & Franklin Counties Superior Court v. Killian, 195 Wn.2d 350, 363, 459 P.3d 1082 (2020). Here, the ALA authorizes an award of attorney fees and costs. RCW 26.51.060(2)(b) (court must award "reasonable attorneys' fees and costs of responding to the abusive litigation"). Because Latour, Zaike, Bugni, and the Kiskers prevail on appeal, we

---

[8] Kuhlmeyer also argues the trial court erred by refusing to consider his summary judgment motion. But because the court properly dismissed Kuhlmeyer's lawsuit, we do not reach that issue. And Kuhlmeyer contends that the judge erred by "not disclosing she had relationships with named defendants and an identified witness within [three degrees] of separation." But he did not assign error to the claim on appeal, so we do not consider it. RAP 10.3(a)(4); Unigard Ins. Co. v. Mut. of Enumclaw Ins. Co., 160 Wn. App. 912, 922, 250 P.3d 121 (2011). In any event, his assertion lacks merit and the record does not support it.

grant their requests for attorney fees and costs. Because Kuhlmeyer does not, we deny his request.

We conclude Kuhlmeyer fails to show the ALA is unconstitutional, and the trial court properly applied the ALA to his lawsuit. We affirm the trial court and award attorney fees and costs to Latour, Zaike, Bugni, and the Kiskers.

Brennan, J

WE CONCUR:

Birk, J.

Coburn, J.