# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

GENEVA LANGWORTHY,

Appellant,

v.

KRISTINA POLLARD,

Respondent.

No. 84170-0-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Approximately eight months after the superior court dismissed Geneva Langworthy's complaint with prejudice, she filed a motion seeking rehearing and to present new evidence. The superior court entered an order striking her motion, and, upon a finding that Langworthy had engaged in abusive and vexatious litigation, imposed pre-filing restrictions on Langworthy in this and other matters. Langworthy appeals. Because Langworthy fails to establish that she is entitled to relief, we affirm.

I

The instant lawsuit is one of several involving Langworthy and Kristina Pollard, stemming from Pollard's adoption of a dog after Langworthy relinquished ownership of the dog to the Alternative Humane Society in 2019. See Langworthy v. Pollard, No. 81388-9-I, slip op. at 1 (Wash. Ct. App. Oct. 4, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/813889.pdf. Langworthy unsuccessfully

sued Pollard for possession of the dog. See Langworthy, slip op. at 1-2. In 2020, Pollard obtained a civil anti-harassment order against Langworthy in district court. Langworthy appealed that order to the superior court, which affirmed, and both this court and the Washington Supreme Court denied discretionary review of the superior court's decision. [Id.] See No. 82705-7, Ruling Denying Discretionary Review (Wash. Ct. App. Dec. 10, 2021); No. 99652-1, Ruling Denying Direct Discretionary Review (Wash. Dec. 1, 2021). The district court later extended the anti-harassment order.

In August 2021, Langworthy filed a complaint against Pollard in Whatcom County asserting an "Independent Action in Equity" and seeking to vacate the 2020 anti-harassment order. Approximately a month later, on September 17, 2021, the superior court entered findings of fact and conclusions of law and an order dismissing Langworthy's complaint with prejudice. Specifically, the court found that the 2020 anti-harassment order was a final order, affirmed by the superior court, and Langworthy's challenge to that order was barred by res judicata. The court also found that Langworthy had filed "duplicative motions and duplicative causes of action" seeking the same relief—vacation of the anti-harassment order. The court cautioned Langworthy against continuing to raise the same claims in duplicative actions and motions, observing that this type of litigation was both "frivolous and vexatious" and could result in sanctions including financial penalties and "limits on filing motions and actions." [Id.]

After entry of the final order dismissing her complaint, Langworthy filed a number of additional matters. In November 2021, the trial court entered an order

on its own motion to show cause, repeating its admonishment against continuing to file duplicative motions in the dismissed matter and stating that CR 11 sanctions against Langworthy "may be appropriate to limit the filing of motions and documents in the instant case."

About six months later, on May 17, 2022, Langworthy filed the underlying "Motion for Re-hearing and Acceptance of New Evidence." Langworthy challenged the evidentiary basis for the anti-harassment order and the district court's procedure. Langworthy claimed that she was seeking to obtain new evidence, namely, cell phone records, to show "fraud and malicious prosecution."

After a June 17, 2022 show cause hearing, at which Langworthy did not appear, the court entered an order striking Langworthy's motion. The court also imposed attorney fees and enjoined Langworthy from filing further motions or other documents in this case and from filing further pleadings in Whatcom County Superior Court without prior court permission. The order incorporates the findings and conclusions set forth in the September 2021 order dismissing Langworthy's complaint. The court found that Langworthy filed her motion approximately eight months after the case was dismissed and that "[n]o valid basis existed or exists to justify the plaintiff's action to seek additional relief in this case." The court further found that Langworthy's filing was frivolous, abusive, and vexatious, and violated court rules and a prior court order. The court observed that prior warnings and sanctions had been ineffective in preventing Langworthy's abusive litigation. Accordingly, the court ordered as follows:

> A. Plaintiff's motion for rehearing is STRICKEN, and she is permanently enjoined from filing any additional motions for

rehearing, motions for reconsideration or pleadings or documents of any kind in this case.

B. Plaintiff shall reimburse defendant for the attorney's fees and costs incurred by her in responding to plaintiff's filings and actions occurring subsequent to the date of the entry of the Order of Dismissal With Prejudice in such amount as the Court determines was reasonable and necessarily incurred. Defendant's counsel shall prepare, file and serve a sworn statement or cost bill outlining the fees and costs so incurred. A hearing shall be separately scheduled before the undersigned judge to determine the reasonableness of the fee request.

C. Plaintiff shall not file any pleadings or documents in Whatcom County Superior Court involving or related to Kristina Pollard in any manner, without first securing prior approval for such filing, in writing, by a judge of the Whatcom [County] Superior Court.

D. The Whatcom County Superior Court Clerk's Office shall not accept any pleadings or documents for filing by plaintiff, Geneva Langworthy; nor schedule any hearing that she requests, unless Ms. Langworthy first secures the express written permission to file the pleadings or documents from a judge of the Whatcom County Superior Court. Provided, however, that this restriction shall not apply to any pleadings or documents filed by Ms. Langworthy in the course of defending or representing herself in any criminal prosecution.

Langworthy appeals.[1]

II

Langworthy's substantive challenge to the order on review consists of the following single sentence:

---

[1] It appears that Langworthy is challenging the superior court's "Order on Show Cause" entered following the June 17, 2022 hearing attached to her amended notice of appeal, although that order is not included in the record on appeal. Langworthy also designates for review a June 10, 2022 letter ruling denying a motion to continue the June 17 hearing, but makes no specific argument related to that ruling. Pollard, whom this court has excused "from responding to Langworthy's motions or briefs filed in this Court in matters between [Pollard and Langworthy], unless this Court expressly requests or directs otherwise," has not filed a respondent's brief. See No. 83405-3-I, Ruling Denying Discretionary Review at 4. (Wash. Ct. App. Aug. 19, 2022).

> I have a constitutional right of access to the courts to attempt to prove my innocence from an anti-harassment order obtained through fraud and perjury, issued by a biased court which did not read my response to the petition nor consider my evidence.

Under RCW 2.28.010(3), a trial court has the authority to provide for the orderly conduct of proceedings before it. As a result, "a court may, in its discretion, place reasonable restrictions on any litigant who abuses the judicial process." See In re Marriage of Giordano, 57 Wn. App. 74, 78, 787 P.2d 51 (1990). This court reviews a trial court order limiting a litigant's access to the court for an abuse of discretion. Bay v. Jensen, 147 Wn. App. 641, 657, 196 P.3d 753 (2008).

Before the superior court imposed the restrictions at issue, in two previous orders entered in the same case, the court outlined Langworthy's repetitive challenges to the 2020 anti-harassment order. As recounted by the court, Langworthy availed herself of the right to appeal the order to superior court and then sought discretionary review. She filed a second appeal of the anti-harassment order, and then filed an appeal from a district court order denying reconsideration and/or other relief under the Civil Rules for Courts of Limited Jurisdiction, and a separate motion to vacate in the latter appeal. In both orders the court expressly advised Langworthy:

> Filing duplicative motions and duplicative causes of action involving the same opponent is a form of litigation that is brought for an improper purpose, which is to engage in a course of litigation that is both frivolous and vexatious. It is improper to bring a separate lawsuit seeking relief involving the same litigants and issues that was just denied by different judge. It is similarly improper to bring duplicative motions in a case seeking relief that has previously been denied in that same lawsuit.

In the order at issue on appeal, the court found there was no "valid basis" to

continue to seek relief months after the dismissal of her complaint. The court expressly found that Langworthy's motion seeking to relitigate the 2020 anti-harassment order was "without merit and frivolous" and that she had engaged in "abusive and vexatious use of litigation." The court thus imposed restrictions on Langworthy's litigation upon a "'specific and detailed showing of a pattern of abusive and frivolous litigation.'" Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008) (quoting Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). Langworthy does not challenge the sufficiency of these, or any other, findings. And Langworthy offers no argument or authority to establish that the trial court erred in striking her motion under the circumstances.

Langworthy mentions "the constitutional right of access to the courts" without further elaboration. She provides no legal authority or reasoned argument to support the position that pre-filing restrictions imposed on a civil litigant upon detailed findings of a course of abusive and vexatious litigation conduct unconstitutionally infringe upon a litigant's access to the courts. As a general matter, we decline to address arguments that are unsupported by citation to authority or cogent argument. See RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

To the extent that Langworthy is specifically claiming a constitutional right to challenge the anti-harassment order entered against her, Langworthy opposed the 2020 order in district court, fully availed herself of the opportunity to appeal, and appealed the district court's subsequent decision extending the order. The restrictions do not prevent Langworthy from "defending or representing herself" in the

context of any proceeding. And the requirement that she secure pre-filing court approval in certain contexts is not a moratorium and does not mean that she will be unable to defend herself in litigation brought against her. See Giordano, 57 Wn. App. at 78 (no abuse of discretion where trial court's order restricting ability to file motions did not amount to a "total denial of access" to the court). Langworthy fails to establish an abuse of discretion.[2]

We affirm.

FOR THE COURT:

Birk, J.

Hazel, ACJ

Dwyer, J.

---

[2] Although we address the merits of Langworthy's claim, we note that her briefing on appeal omits virtually all of the elements necessary to facilitate appellate review, including citations to legal authority, citations to the record, and a recitation of the relevant facts and procedure. See RAP 10.3(a)(5), (6) (appellant's brief should contain a "fair statement" of relevant facts and procedure, "without argument," and argument with citations to legal authority and references to the record). For instance, instead of providing the factual background of her appeal, Langworthy's "Statement of the Case" presents an inflammatory diatribe against specific judicial officers and the court system as a whole, untethered to any cognizable claims for appellate relief.