# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Support of<br><br>R.F.,<br>               Minor child,<br><br>NATHAN FISHER,<br><br>               Respondent,<br>and<br><br>ALYSSA FISHER,<br><br>               Appellant. | No. 59247-9-II<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Nathan Fisher and Alyssa Kohl are the parents of RF, who will turn 18 in April 2025. RF received monthly benefits from the Social Security Administration (SSA) due to Fisher's disability. Because RF was a minor and lived primarily with Kohl, Kohl received the Social Security benefits on RF's behalf as a representative payee.

In 2023, Kohl removed herself as representative payee, apparently in a misguided attempt to make Fisher pay the equivalent amount as child support. The SSA began to hold RF's benefits payments in trust. Upon a motion from Fisher, the trial court ordered Kohl to apply to reinstate herself as RF's representative payee. Because of a high number of filings from Kohl, the trial court also imposed gatekeeping, where the court would review Kohl's motions first before requiring Fisher to respond. The trial court also imposed attorney fees. Kohl moved for reconsideration of the trial court's order, which the trial court denied, except it reversed its attorney fee award.

Kohl argues that the trial court did not have authority to order her to seek reinstatement as RF's representative payee. She also contends that the trial court's gatekeeper order violated her due process rights. We conclude that because RF turns 18 in April 2025, she will no longer need a representative payee and could directly receive the benefits held by the SSA. Therefore, this issue is moot on appeal. We conclude that Kohl was not entitled to an increase in child support payments from Fisher when she stopped receiving RF's Social Security benefits as representative payee. We also conclude that the trial court did not abuse its discretion by imposing the gatekeeper order. We determine that Kohl's appeal raises several frivolous issues and award Fisher partial attorney fees.

FACTS

Fisher and Kohl (formerly Fisher) are the parents of RF, a 17-year-old child. Fisher and Kohl were previously married, and the marriage was dissolved in 2010. Fisher was awarded primary custody of RF. RF will turn 18 in April 2025.

In 2018, the SSA began paying Fisher Social Security disability benefits, which included retroactive benefits starting from 2015. Fisher had a 100 percent disability rating, and government disability benefits were his only income. RF also received Social Security benefits as a result of Fisher's disability. Initially, RF received $206 in Social Security benefits per month, which increased marginally over time. Under RCW 26.18.190(2) and a child support order, RF's Social Security benefits counted toward Fisher's overall child support obligation to Kohl.

Social Security benefits going to a minor child are generally paid to a representative payee who receives the benefits and uses them on behalf of the child. Kohl applied and was approved by the SSA to be RF's representative payee.

In January 2023, Kohl emailed Fisher and told him that she would no longer act as RF's representative payee. Apparently, Kohl believed that this should result in Fisher having to pay the amount RF previously received from the SSA as child support. Kohl asked Fisher to call the SSA and designate himself as RF's new representative payee. In February 2023, the SSA informed Fisher that it would not select him as RF's representative payee because Fisher did not live with RF and "would not know about her daily needs." Clerk's Papers (CP) at 17.

In September 2023, Kohl received a letter from the SSA stating that it stopped paying RF's benefits because RF no longer had a representative payee. Instead, the SSA said it would hold the benefits payments in trust and pay them in full when payments resumed. Kohl emailed this letter to Fisher, again telling Fisher that he would need to designate himself as RF's representative payee. In the meantime, Kohl also demanded that Fisher pay his full child support obligation directly to her every month without subtracting the amount RF was receiving from the SSA as part of Fisher's disability benefits.

Fisher then filed a motion for the trial court to reinstate Kohl as RF's representative payee or appoint a fiduciary to act as representative payee. The trial court granted Fisher's motion and ordered Kohl to apply to reinstate herself as RF's representative payee. The trial court also expressed frustration with Kohl's position, which the court characterized as frivolous. The trial court stated, "[E]very single case I've ever had where somebody's receiving disability benefits, the child with whom they reside, every single parent wants that money coming in right away. Every single case." Rep. of Proc. (RP) at 16-17.

The trial court also explained that the Social Security benefits that RF received would be credited toward Fisher's child support obligation, regardless of whether Kohl was the payee. The

trial court held that it would not find Kohl's "failure to receive benefits to be a basis for alleging [Fisher] is behind in support." CP at 94. It found that Kohl's removal of herself as representative payee was "inappropriate and not done on a good faith basis." *Id.* Additionally, the trial court granted Fisher attorney fees. Based in part on Kohl's history of prior frivolous motions, the trial court imposed gatekeeping, meaning the court would review all of Kohl's pleadings before requiring Fisher to respond. The trial court stated:

> This must be at least the twentieth pleading that I've received in the last 11 months.
> . . . .
>
> This case is fraught with frivolous litigation over and over and over. And this is merely one aspect of the continuation of frivolous litigation. And I don't use that word freely or loosely.

RP at 22.

Kohl moved for reconsideration of the trial court's order. Kohl argued that federal law does not allow a state court to designate a representative payee for federal Social Security benefits. Kohl also argued that the trial court issued its gatekeeper order "without cause or proper procedure," violating Kohl's due process rights. CP at 97. Kohl challenged the trial court's grant of attorney fees to Fisher. The trial court granted Kohl's motion for reconsideration only as to the attorney fees and affirmed its other rulings after a lengthy hearing where the court reiterated its reasoning.

Kohl appeals.

ANALYSIS

I. MOOTNESS

Kohl argues that only the SSA can designate a representative payee, and the state trial court did not have the authority to order Kohl to apply to for reinstatement as RF's representative payee.

4

As an initial matter, Kohl argues that the trial court could not dictate who the SSA appoints as representative payee, but that argument misunderstands what the trial court ordered. The trial court did not attempt to dictate to the SSA who must be appointed, the trial court instead ordered Kohl to seek reappointment.

We will generally decline to address an issue if it is moot. *In re Dependency of T.P.*, 12 Wn. App. 2d 538, 544, 458 P.3d 825 (2020). "An appeal is moot where it presents purely academic issues and where it is not possible for the court to provide effective relief." *Klickitat County Citizens Against Imported Waste v. Klickitat County*, 122 Wn.2d 619, 631, 860 P.2d 390 (1993). However, we may exercise our discretion to decide a moot issue or case where there is substantial and continuing public interest regarding the contested issues. *Love Overwhelming v. City of Longview*, 32 Wn. App. 2d 346, 351, 556 P.3d 692 (2024). When deciding whether to address an otherwise moot issue because of public interest, we consider three factors:

> "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination to provide future guidance to public officers, and (3) the likelihood that the question will recur."

*Dzaman v. Gowman*, 18 Wn. App. 2d 469, 476, 491 P.3d 1012 (2021) (quoting *Thomas v. Lehman*, 138 Wn. App. 618, 622, 158 P.3d 86 (2007)).

The SSA has a general policy that "every beneficiary has the right to manage [their] own benefits," unless a condition or their youth prevents them from doing so. 20 C.F.R. § 404.2001(b)(1). The SSA explains that it only makes payments to a representative payee on the behalf of a beneficiary 18 years old or older where it is "in the interest of the beneficiary." 20 C.F.R. § 404.2010(a). This is limited to situations where the adult beneficiary is either legally incompetent, mentally incapable, or physically incapable of managing benefit payments. 20 C.F.R.

§ 404.2010(a)(1)-(2). SSA regulations also state that after the SSA suspends benefit payments due to the lack of a representative payee, the SSA can pay those benefits in a lump sum either to the representative payee or the beneficiary. 20 C.F.R. § 404.2011(c).

RF turns 18 in April 2025. According to SSA regulations, after April 2025, RF will not need a representative payee; she should receive her own benefits payments and the money held in trust by the SSA. Neither party indicated in its briefing on mootness that RF will not receive the money being held by the SSA, or any future benefits payments, when she turns 18. Given the SSA's approval process, it is unlikely that Kohl would even be able to be reinstated as RF's representative payee in the short period of time between the issuance of this opinion and RF's 18th birthday in April 2025. Thus, although we have doubts whether the trial court had authority to order Kohl to apply to reinstate herself as RF's representative payee, this issue is moot on appeal.

Fisher argues that even if this issue is moot, this court should reach it on appeal under the public interest exception. While Washington courts have not directly addressed whether a state trial court can order a party to apply to be reinstated as representative payee for federal SSA benefits and serve as payee against their will, this issue is unlikely to recur. In fact, the trial court specifically pointed out that these facts, where a representative payee with primary custody of a child declined to continue receiving benefits on behalf of the child, were highly irregular and potentially indicative of bad faith. Thus, we decline to reach this moot issue under the public policy exception.

## II. IMPACT ON CHILD SUPPORT OBLIGATION

Kohl argues that despite RF's upcoming birthday, under her theory, Fisher would owe additional child support for months when Kohl was not serving as representative payee. Kohl also

argues that RF may receive SSA benefits after she turns 18, and Fisher may be required to pay child support after RF turns 18.

However, RCW 26.18.190(2) unambiguously states:

> When the social security administration pays social security disability dependency benefits . . . on behalf of or on account of the child or children of a person with disabilities . . . the amount of benefits paid for the child or children shall be treated for all purposes as if the person with disabilities . . . paid the benefits toward the satisfaction of that person's child support obligation for that period for which benefits are paid.

Thus, even when Kohl did not directly receive the Social Security benefits as RF's representative payee, the benefits would still count towards Fisher's child support obligation. As a result, the trial court was correct to conclude that Fisher did not owe additional child support to Kohl based on this theory.

### III. GATEKEEPER ORDER

Kohl argues that the trial court violated her due process rights by entering a "gatekeeper order" that allowed the trial court to evaluate her filings for frivolousness before requiring Fisher to respond. Br. of Appellant at 24. We disagree.

In Washington, courts have "inherent power to control the conduct of litigants who impede the orderly conduct of proceedings." *Yurtis v. Phipps*, 143 Wn. App. 680, 693, 181 P.3d 849 (2008) (citing RCW 2.28.010(3)). "[A] court may, in its discretion, place reasonable restrictions on any litigant who abuses the judicial process." *Id.* Trial courts may enjoin a party from litigation if there is a "'specific and detailed showing of a pattern of abusive and frivolous litigation.'" *Id.* (quoting *Whatcom County v. Kane*, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)). However, "[p]roof of mere litigiousness is insufficient to warrant limiting a party's access to the court." *Bay v. Jensen*, 147 Wn. App. 641, 657, 196 P.3d 753 (2008). A trial court "'must be careful not to issue a more

7

comprehensive injunction than is necessary to remedy proven abuses.'" *Yurtis*, 143 Wn. App. at 693 (quoting *Whatcom County*, 31 Wn. App. at 253).

Here, the trial court's order did not enjoin Kohl from litigating her case or limit her access to the court at all. Instead, the trial court allowed Kohl to continue filing motions, but it determined that it would review her motions before requiring Fisher to respond. Under this order, the trial court still would assess Kohl's motions on their merits. Given the trial court's explanation of Kohl's continued frivolous filings, this gatekeeper order, which was quite permissive to Kohl, was not an abuse of discretion.

## IV. WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW

Kohl argues that the trial court erred by not entering written findings of fact and conclusions of law for its order on Fisher's initial motion and Kohl's motion for reconsideration.

Under CR 52(a)(2)(B), trial courts must provide findings of fact and conclusions of law for all "final decisions" in dissolution proceedings. However, CR 52(a)(5)(B) states that trial courts need not provide findings of fact and conclusions of law for decisions on motions that do not fall under the listed exceptions.

Here, the trial court ruled on Fisher's motion to require Kohl to seek reinstatement as representative payee and award attorney fees. The trial court also ruled on Kohl's motion for reconsideration of the order granting Fisher's motion. Neither of the trial court's orders were "final decisions" in a divorce proceeding. CR 52(a)(2)(B). And neither of the motions that the trial court ruled on fall under the listed exceptions in CR 52(a)(5)(B). The trial court did not err by not entering written findings of fact and conclusions of law.

Kohl also argues that the trial court abused its discretion by awarding fees to Fisher without written findings and conclusions. However, during its hearing on Kohl's motion for reconsideration, the trial court reversed the award of fees in its initial order.

## V. KOHL'S OTHER ARGUMENTS

Kohl makes several other arguments that are not supported by evidence or legal citations. "'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.'" *In re Guardianship of Ursich*, 10 Wn. App. 2d 263, 278, 448 P.3d 112 (2019) (quoting *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998)); RAP 10.3(a)(6).

Kohl first argues that the trial court erred by ignoring her objection to the court's initial ruling on Fisher's motion. Kohl also argues that several of the trial court's statements during the relevant hearings were "factually untrue and not supported by the court history or oral record." Br. of Appellant at 2. Kohl contends that these statements demonstrate the trial court was biased and prejudiced against her. Finally, in her conclusion, she suggests that the trial court lacked jurisdiction.

"A trial court is presumed to perform its functions regularly and properly without bias or prejudice." *In re Marriage of Meredith*, 148 Wn. App. 887, 903, 201 P.3d 1056 (2009).

The trial court did not ignore Kohl's arguments, it simply disagreed with them. Kohl fails to point to evidence on this record that the trial court made false statements or acted with bias. Though she challenges some statements, she does not cite legal authority or evidence on the record as to why these statements require reversal. RAP 10.3(a)(6). Nor does she explain why she believes the trial court lacked jurisdiction. Accordingly, we decline to address her additional arguments.

ATTORNEY FEES ON APPEAL

Kohl requests that Fisher pay the costs of this appeal. RAP 14.2 allows appellate courts to award costs to a prevailing party on appeal. Because Kohl is not prevailing party, we decline to award her costs.

Fisher argues that this court should award him appellate attorney fees under RAP 18.9(a) because Kohl's appeal is frivolous.

This court may order a party who uses appellate rules "for the purpose of delay [or] files a frivolous appeal, . . . to pay terms or compensatory damages to any other party who has been harmed." RAP 18.9(a). The primary inquiry under this rule is "whether, when considering the record as a whole, the appeal is frivolous, *i.e.*, whether it presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." *Streater v. White*, 26 Wn. App. 430, 434, 613 P.2d 187 (1980). In determining whether an appeal is frivolous, we resolve all doubts in favor of the appellant. *Id.* at 435.

Some issues raised in Kohl's appeal are frivolous, especially the theory that she is entitled to additional child support because she refused to continue to serve as representative payee. We decline to reach the issue of whether the trial court erred by ordering Kohl to seek designation as RF's representative payee so we have not resolved whether that issue has merit. But the remainder of Kohl's arguments present no debatable issues. We therefore award Fisher $5,000 in appellate attorney fees.

CONCLUSION

Because we cannot effectively provide Kohl's requested relief and no compelling exception to mootness exists, we decline to resolve the issue of whether the trial court could order

No. 59247-9-II

her to seek reinstatement as RF's representative payee. We otherwise affirm the trial court's order and grant Fisher $5,000 in appellate attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

MAXA, P.J.

CHE, J.